PROSE, HABEAS, CLOSED, TDIS

# U.S. District Court
## Northern District of Texas (Amarillo)
## CIVIL DOCKET FOR CASE #: 2:04-cv-00140
### Internal Use Only

B-04-114

| | |
|---|---|
| Perez v. Douglas Dretke, Director TDCJ-CID | Date Filed: 06/01/2004 |
| Assigned to: Judge Mary Lou Robinson | Jury Demand: None |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**
--------------------

**Orlando Javier Perez**         represented by   **Orlando Javier Perez**
                                                  TDCJ No 756730
                                                  TDCJ
                                                  Clements Unit
                                                  9601 Spur 591
                                                  Amarillo, TX 79107-9606
                                                  PRO SE

V.

**Respondent**
--------------------

**Douglas Dretke, Director TDCJ-CID**

Certified a true copy of an instrument
on file in my office on _7-1-04_
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2004 | | CASE REFERRED to Magistrate Judge Clinton E Averitte., *** Set Pro Se Flag (awc, ) (Entered: 06/03/2004) |
| 06/01/2004 | 1 | PETITION for Writ of Habeas Corpus , filed by Orlando Javier Perez. (13)(awc, ) (Entered: 06/03/2004) |
| 06/01/2004 | 2 | "Memorandum of Law in Support of Petition for a Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. 2254" re 1 Petition for Writ of Habeas Corpus filed by Orlando Javier Perez. (40) (awc, ) (Entered: 06/03/2004) |

| | | |
|---|---|---|
| 06/01/2004 | | *** Pro Se instruction sheet and copy of first page of petition mailed to petitioner. (awc, ) (Entered: 06/03/2004) |
| 07/01/2004 | ●3 | Order Transferring to Another District: Case transferred to Brownsville Division of SD/TX. (Signed by Judge Clinton E Averitte on 6/30/04) (djs, ) (Entered: 07/01/2004) |
| 07/01/2004 | ● | Interdistrict Transfer to SD/TX Brownsville Division (djs) (Entered: 07/01/2004) |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUL - 1 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ORLANDO JAVIER PEREZ,                    §
                                         §
        Petitioner,                      §
                                         §
v.                                       §        2:04-CV-0140
                                         §
DOUGLAS DRETKE, Director,                §
Texas Department of Criminal Justice,    §
Correctional Institutions Division,      §
                                         §
        Respondent.                      §

## ORDER TO TRANSFER CASE TO
## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

On June 1, 2004, petitioner ORLANDO JAVIER PEREZ filed with this Court a Petition

for a Writ of Habeas Corpus by a Person in State Custody. By his habeas application, petitioner

challenges his conviction, and the resultant 15-year sentence, for the felony offense of aggravated

assault with a firearm out of the 103rd District Court of Cameron County, Texas.

As the State of Texas contains two or more federal judicial districts, a petition for a writ

of habeas corpus made by a person in custody under the judgment and sentence of a state court

must be filed in the district court for the district wherein such person is in custody *or* the district

court for the district within which the state court was held which convicted and sentenced him.

28 U.S.C. § 2241(d). At the time of the filing of this application, petitioner was in custody at the

Clements Unit in Potter County, Texas. Potter County lies within the Amarillo Division of·the

**Certified a true copy of an instrument
on file in my office on** _7-1-04_
**Clerk, U.S. District Court,
Northern District of Texas
By** _____ **Deputy**

3

Northern District of Texas. 28 U.S.C. § 124(a)(5). It appears petitioner was convicted and sentenced by the 103rd District Court in Cameron County, Texas. Cameron County lies within the Brownsville Division of the Southern District of Texas. 28 U.S.C. § 124(b)(4). Consequently, jurisdiction to adjudicate this case is in both the Northern District of Texas and the Southern District of Texas, and the Amarillo Division and the Brownsville Division have concurrent venue to entertain this application.

By his application, petitioner does not appear to be challenging the constitutionality of his confinement as it relates to any violations which may have occurred within the Amarillo Division but appears, instead, to be attacking the constitutionality of the Cameron County conviction and sentence for which he is confined. It appears a transfer to the Brownsville Division court is the more appropriate method of handling the claims presented in this case.

IT IS THEREFORE ORDERED that this case be transferred to the United States District Court for the Southern District of Texas, Brownsville Division, at Brownsville, Texas. *See* Misc. Order No. 6, September 22, 1997. No ruling has been made by this Court regarding the *in forma pauperis* issue. No Order to Show Cause directing the respondent to answer petitioner's application has been entered by this Court.

IT IS SO ORDERED.

ENTERED this _____ 30th _____ day of June 2004.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

TR.CT.NO. 96-CR-521-D
CT.APP.NO. 13-97-095-CR
USDC NO. _____

- - - - - - - - - - - - - - - - - - - -

IN THE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JUN - 1 2004

CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY

- - - - - - - - - - - - - - - - - - - -

ORLANDO JAVIER PEREZ,        **2-04CV-140-J**
Petitioner

Vs.

DOUGLAS DRETKE, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-INSTITUTIONAL DIVISION,
Respondent.

- - - - - - - - - - - - - - - - - - - -

memorandum OF LAW IN SUPPORT OF
PETITION FOR A WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

- - - - - - - - - - - - - - - - - - - -

Orlando Javier Perez
Clements Unit
9601 Spur 591
Amarillo,Texas 79107-9606
DATE: 5-28-04



DIST.CT.NO. -- _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO JAVIER PEREZ,
Petitioner

Vs.

DOUGLAS DRETKE, TDCJ_ID DIRECTOR
Respondent

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR A
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner Orlando J. Perez, pro se, pursuant to 28 U.S.C.§ 2254,

petitions this Honorable Court to grant him a just relief. Perez,

will evince to the Honorable Court the following:

1. Petitioner Perez is a citizen of the State of Texas,

currently residing in Potter County, Texas.

2. Petitioner is currently being held as a prisoner at the

Texas Department of Criminal Justice-Institutional Division in

Clement Unit, 9601 Spur 591, Amarillo, Texas 79107-9606, prison

number 756730. Clements Unit is a State prison operated by the

State of Texas.

3. Respondent Douglas Dretke is the Director of the Texas

Department of Criminal Justice-Institutional Division.

4. Petitioner is being held pursuant to one conviction with

a sentence of fifteen years, for the offense of aggravated assault.

(p.1 of Memo-2254)                              (O.J.Perez,2004)

Through jury trial from Cameron County, by the Honorable Judge
Menton Murry,Jr. on November 25,1996. Trial cause No.96-CR-521-D.

   5. The conviction and sentence under which Petitioner is
imprisoned is unlawful and void because of multiple violations
of Petitioners rights under the United States Constitution(s).
These violations are not mere irregularities, but are major
constitutional violations which cast significant doubt on the
fairness of Petitioner's trial.

          STATEMENT OF THE CASE
   A. Statement of proceedings.
Petitioner was charged with the offense of aggravated assault
in the 103rd Judicial District Court of Cameron County, Texas,
Cause No. 96-CR-521-D. On October 28,1996, Motion to suppress
was entertained and denied. Thereafter, On October 30,1996,
Petitioner was found guilty by a jury (S.F.Vol.X,p.228). On
November 22,1996, the trial judge assessed punishment at fifteen
years confinement in the Texas Dep't of Criminal Justice-ID.
(S.F.Vol.XI,p.13)(Line 11,12). On February 5,1997, Petitioner's
Motion for new trial was denied (S.F.Vol.XII,p.17,L.2). Petitioner
appealed to the Thirteenth Court of Appeals, Perez v State,No.
13-97-095-CR(Tex.App.--Corpus Christi 1998), this court REVERSED
AND REMANDED, sustaining Petitioner's second point of error,
without addressing the remaining errors. Thereafter, the State
filed petition for discretionary review and the court of criminal
appeals REMANDED to the Thirteenth Court of Appeals. State v
Perez,No. 1430-98(Tex.Cr.App.2000). At this point Petitioner did

(p.2 of Memo-2254)                    (O.J.Perez,2004)

not receive any other information concerning the remainder errors. Or notify Petitioner what would take place. Petitioner has not received any documentation concerning the remaining erros. However appellate counsel did file a motion for rehearing in banc, which was overruled on March 8,2001. Mandate issued April 30, 2001. _____

_____

_____

_____

_____

_____

Thereafter Petitioner filed State writ of habeas corpus on November 13,2002. State answered on December 20,2002. Petitioner replied to the State's answer on January 9,2003. Thereafter, Petitioner filed a petition for writ of mandamus on September 24, 2003. The court of criminal appeals rendered its decision on 19 day of May ,2004. For the record Petitioner never received any "Findings of Fact" or"Conclusion of law" from the trial court.

   B. Facts of the Case.

The facts of the case are in dispute and vague. They will be cited because they are germane.

M.Murillo testified during the motion to suppress, that she had three other friends with her (S.F.Vol.VII,p.18,L.2-7). Testified that she was unable to see whether the driver had on a hat (S.F. VII,p.20,L.24,25)(p.21,L.1). Further, testified that she did not

see Petitioner in the courtroom.(S.F.Vol.VII,p.27,L.9-16).

A.Gonzales, testified during the motion to supress, that he recog-
nized Petitioner because Petitioner looked familiar and because of
March 15,1996 (S.F.Vol.VII,p.37,L.13-17). Testified that it was
"dark" no street lights, only the truck lights (S.F.Vol.VII,p.44,
L.18-25), and that he was ten yards away (at least) from Petitioner
's vehicle (S.F.Vol.VII,p.43,L.19), and that it was 10:30 p.m.
And that the "dome light of Petitioner's vehicle [came on] when
Petitioner open the door (S.F.Vol.VII,p.45,L.13-18).

THE TRIAL: A.Gonzales, testified that R.Garza, E.Mirales, J.
Gonzales, and R.Tapia, R.Rios were cruising to the Morningside
Park, to see if they knew anybody (S.F.Vol.IX,p.26). Amos
testified that Morningside Park was a park for ball players. And
that there are light"fixtures" to watch the game,"But no street
lights." (S.F.Vol.IX,p.27,L.13-18). Testified that when going into
the park they heard talking and kisses blowing towards the truck
(Amos was seated in back of the driver, which thwarted the plain
view). Amos saw girls and guys going to their vehicles, which was
"10 yards away." (S.F.Vol.IX,p.28,L.15). And when asked if he saw
anything indicated that he saw the girls (S.F.Vol.IX,p.28,L.22-23).
Testified that he saw the guys go into their cars. Amos testified
that there were atleast five (5) or six (6) girls (S F.Vol.IX,p.
29,L.15,16). And that the only lights were the stadium lights.
And the only person Amos saw was Petitioner (S.F.Vol.IX,p.30).
Thereafter, they left the park and were four or five feet away
from the white Marquis (S.F.Vol.IX,p.32-34). Amos testified that

when they all got to Boca Chica the Grand Marquis slowed down
(S.F.Vol.IX,p.34). And scooting over to the right (five miles
per hour), the truck passed the car. At that point the white
Grand Marquis was behind the truck (S.F.Vol.IX,p.35). Amos testi-
fied that the white Grand Marquis went to the left (see diogram
& S.F.Vol.IX,p.37,38). Amos saw the window role down, and the
shooting started. And R. Rios pulled him down. After the car
drove off "everybody got up (S.F.Vol.IX,PP.38-40). Later testif-
ied that the car, white Grand Marquis turned right (S.F.Vol.IX,
p.41,L.2,3).

The driver of the aqua 1990 Chevrolet pick-up, Rosenda Garza.
Testified that when they got to Morningside Park all they saw was
the two Marquis. And she saw "four" guys in the white Grand Marquis.
Garza testified that all "they" (she used the term "we") saw were
the girls (S.F.Vol.IX,p.53). The girls got in their car while she
backed up. And the girls car drove in front of the truck and the
truck went"behind"the girls car (S.F.Vol.IX,p.54). Later that
the white Grand Marquis was behind the truck (S.F.Vol.IX,p.55).
Garza testified that when she was in Central Avenue she was still
in the middle of the two Marquis's. And that on Billy Mitchell,
the truck "slowed down" so the white Grand Marquis passed. And
then again "the truck [passed] the white Marquis" as they passed
Boca Chica. Garza avered that she passed Petitioner. And that
thereafter, the white Marquis passed the truck and started shoot-
ing at her truck (S.F.Vol.IX,p.56).

Melba Murillo testified that she was at Morningside Park with

Rosie, Alased Ybarra and Mirta, in a gray Grand Marquis 1989
model. She avered that she was there with three guys, the girls
met at the gas station (S.F.Vol.IX,p.70). The girls were at the
park for about half an hour and were going to go play Billard's
pool. Murillo, testified that each people went their own way.
Because "the people in the green truck were [bothering] them.
(S.F.Vol.IX,p.71). And the people in the truck had left, and that
the girls left and never talked to the guys (S.F.Vol.IX,p.72).
Murillo, testified that the green truck was parked on the side
and then got in the middle (S.F.Vol.IX,p.73). She further testif-
ied that Petitioner was the individual that she talked too that
night at Morningside Park (id at 76)(actually she identified the
State's exhibit No.4(5)). Murillo, further testified that the
Petitioner was the driver (S.F.Vol.IX,p.70,L.22). And could not
identify Petitioner during the trial, however, testified that she
only recognized him in the picture.
Ricardo Rios the vicitm testified they cruised to Morningside
Park to see who was there. It was about 10:30 p.m. it was like
dark, and the lights that were on, helped light "the field" Rios
sat in the back in between two others (S.F.Vol.IX,p.91). Rios
couldn't aver if the girls were wiaving, but he thought they were
screaming. Rios testified that a couple of guys were "behind" the
girls (S.F.Vol.IX,p.92). And testified that thereafter, all the
yelling and wiaving or whatever, that the "Truck went out of the
park." This individual also testified that it was the girls, then
the guys and the truck, which went out of the park. Rios did not

pay much attention. And testified that the shots were coming

from the left side of the truck (S.F.Vol.IX,p.92-93).

GROUNDS FOR REVIEW

GROUN FOR REVIEW NUMBER ONE:

> PETITIONER WAS DENIED HIS TEXAS CONSTITUTION ARTICLE
> I,§ 15, WHEN PROSPECTIVE JUROR JESUS GARCIA DURING
> VOIR DIRE DID NOT REVEAL INFORMATION REQUESTED AS TO
> EVER HAVING BEEN CONVICTED OF A FELONY, DENYING
> PETITIONER THE RIGHT TO STRIKE THE JUROR MEMBER

The federal court must first examine whether the state court

rendered a decision following an adjudication on the merits. See

Drinkard v Johnson,97 F3d 751,768(5th Cir.1996). No adjudication

has occurred unless the state court's decision follows a full

opportunity to litigate the issue, and reflects the level of

deliberation necessary to resolve the issue. Neal v Gramley,99

F3d 841,843(7th Cir.1996).28 U.S.C. § 2254(d) provides in pert-

nent part as follow:

> (d) An application for writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of
> a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in
> State court proceedings unless the adjudication of
> the claim--
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

Id. In Texas the right of trial by jury shall remain inviolated.

The Texas Legislature shall pass such laws as may be needed to

regulate the same, and to maintain its purity and efficiency.

See Tex.Const.,Article I,15. Petitioner has asserted that the

venire-member Jesus Garcia did not reveal that he had previous

.

(p.7 of Memo-2254)                    (O.J.Perez,2004)

conviction(s) for the offense of driving while intoxicated.i.e,
three convictions.(See Motion For Rehearing En Banc,filed Jan.29,
2001). Petitioner's trial counsel relied on the trial judge's
custom in conducting the venire (not voir dire) panel examination
to ask each venire panel member if he/she had been charged with
theft or any felony.(See State Writ of habeas corpus memorandum
page 14)(hereinafter State-memo). It was palpable that prior to
voir dire stage the jurors have already been talked to by the
Honorable Judge in the central jury room. Id. The trial judge
also averred that he would cover the matter to ask the members
of the jury room "have any of you been [convicted of a felony]
....."(S.F.XII,p.9,10). The evidence revealed that there had been
a juror information form to all jurors, in which the juror member
Jesus Garcia did not expose that he had previous conviction for
felonies DWI's. The cameron County District Attorney presented
a proposed order for the trial court's consideration, however,
when addressing the instant claim the D.A. contended as follow:
"Applicant claims in 18(c) that a juror failed to reveal that he
had been convicted of a felony. He, however, does not state where
in the record that this juror was ever asked that question, and
the court cannot find where such question was ever asked. This
point, therefore, presents nothing for review."(see Dec.20,2002
D.A.'s Proposed Order). The District Attorney (hereinafter D.A.)
apparently bypassed where the trial judge the same judge that
addressed the motion for new trial took judicial notice that prior
to going to the voir dire stage that the trial judge would have

already asked the venire member(s) whether they have ever been convicted of a felony. This judicial notice from the trial judge is a "fact" that is not refuteable, its indisputeable! And the State is awry in attempting to suffest that Petitioner has not revealed where in the record the juror was ever asked, Its palpable that the State could apply its inferences. Petitioner has revealed the record citation. The courts in the State of Texas have failed to assay the record effectively. The State refusal to follow its own law constitutes a violation of a guaranty of the Fourteenth Amendment due process. The denial of the trial court and the Court of Criminal Appeals in Texas disregarded the State's own Constitution,i.e., The right of trial by jury shall remain inviolated, and that Texas Legislature shall pass such laws as may be needed to regulate the same.... Tex.Const.,Art.I,15. The Court of criminal Appeals decision denying the writ was rightly arbitrary, in the sense that the State is not adhering to its own laws,Constitution. See e.g.,Collins v City of Harker Heights, Texas,503 U.S. 115,129-30,112 SCt 1061(1992). The Supreme Court indicated that Petitioner must reveal how this shocked the judicial conscience. It is uncommon for any juror member to withhold any information that is paramount. This withholding of evidence divested Petitioner of the opportunity to strike the juror for cause, or challenge for cause, or simply strike him through the peremptory challenge. The Court of Criminal Appeals Judges shall be bound thereby, any thing in the constitution of the State of Texas. See United States Constitutional Amendment VI(Cited in

Fed.Crim.Code and Rules,2000 Ed.,West Group,pg.1086). Therefore,
the conclusion is that the Court of Criminal Appeals decision was
based on unreasonable determination of the facts in light of the
evidence presented in the State proceeding. This court must
render justice and reverse the instant error. The court must be
able to adhere to its own laws.

GROUND FOR REVIEW NUMBER TWO:

>     PETITIONER WAS DIVESTED OF THE DUE PROCESS OF LAW
>     WHEN THE PROSECUTOR MISSTATED THE LAW DURING VOIR
>     DIRE. UNITED STATES CONST. 14th AMENDMENT

Petitioner has been denied his United States Constitutional due
process of law when the prosecutor misleading the petit jury. The
prosecutor directing the jury that she did not have to prove the
lighting,i.e., circumstancial evidence that would enable the jury
to weigh, and infer that the elements were substantiated. Several
Federal Court of Appeals have held that the prosecutor may not
make material misstatements of law. See,e.g., Driscoll v Delo,71
F3d 701(8th Cir.1995); Mahorney v Wallman,917 F2d 469,473-74(10th
Cir.1990). This case is akin to Driscoll, supra, in Driscoll, the
prosecutor mislead the jury by informing the jury that they would
not be responsible for the determination of death, which would be
left to the trial judge. Driscoll,71 F3d at 711. In the instant
the jury was mislead by the prosecutor informing the jury that she
did not have to prove the lighting, within the area where the
witnesses claim that Petitioner was at. However, this lighting
was essential in order to infer that the witnesses testimony were
accurate, that Petitioner was the driver the vehicle, or

that this in fact was the vehicle. Every evidence is essential to

prove the identity of Petitioner. This the State was awry in

determining that it was not an incorrect statement of law. This

was material. The jury is the individual that must make the dete-

rmination whether they could infer that there was ample light for

the jury to conclude that Petitioner was the culprit driving the

vehicle. If anything the state prosecutor need not mislead the

jury. Because there was not one eye witness that saw Petitioner

driving the vehicle"at the time"of the shooting. Not oen witness

testified to that fact, therefore, it was germane that the state

must prove the lighting in order to infer that it was applicant

that was the driver of the vehicle. Claim must be sustained.

GROUND FOR REVIEW NUMBER THREE:

> PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE
> COUNSEL, WHEN APPELLATE COUNSEL DID NOT ADVISE APPLICANT
> OF HSI RIGHT TO PREPARE AND FILE A PETITION FOR DISCRET-
> IONARY REVIEW, AND DID NOT RAISE CLAIMS THAT WERE SO
> OVERT TO BE VIOLATIONS AND WOULD PROVIDE PETITIONER WITH
> RELIEF ON DIRECT APPEAL

The sixth Amendment entitles a criminal defendant to the effective

assistance of counsel when pursuing a first appeal of right. See

William v State,946 SW2d 886,903(Tex.App.-Waco 1997); citing

Evitts v Lucey,105 SCt 830,836(1985). Petitioner submits that

the appellate counsel till this day has not mailed Petitioner a

copy of the Thirteenth Court of Appeals opinion. Petitioner has

been able to view the opinion through the publication of the

opinion, after the thirty days had elasped. The habeas corpus

judge render a decision that is contrary to the United States Con-

stitutational Sixth Amendment; O'Sullivan v Boerckel,119 SCt 1728

(1999). In Texas the Court of Criminal Appeals held in Ex parte
Jarrett,891 SW2d 935(Tex.Cr.App.1994), that an appellate counsel
has a duty to "explain" the meaning and effect of an appellate
court "decision", to express professional judgment about possible
grounds for review, and to discuss advantages and disadvantages of
further review. Id at 944. And that if an appellate counsel's
action or inaction denied a defendant his opportunity to prepare
and file a Petition For Discretionary Review, that the defendant
has been denied his Sixth Amendment right to effective assistance
of counsel. Id at 939. The habeas judge determined as follow:
"after reviewing the evidence attached to the application, as well
as the affidavit of Larry Warner,finds that Mr.Warner did in fact
properly advise Applicant (now Petitioner) of his rights." (See
State Habeas Order pg.2 #4). Mr.Warner, the appellate counsel did
deny Petitioner's contention, and claimed that he did provide the
necessary notice concerning the PDR. Warner also submitted two
exhibits in his affidavit.(See Counsel's Affidavit). Petitioner,
thereafter filed a response (See Reply To State's Order On appli-
cation For Writ of Habeas Corpus). Petitioner asserting that the
affidavit stated that the incorporated exhibits that were provided
did evince that Warner violated the United States Constitutional.
Exhibit A, can easly be inferred that this document was provided
right after the trial, this court could infer that by reading pg
3 where it provides:

> "Additionally, I explained to the Appellant,since we
> were aware that a felon had served on the jury, that if
> we prevailed in the court of appeals, the state could
> ask for a PDR and could take the matter to the court of

criminal appeals."(See Affidavit pg.3)

Prior to this cited portion, Warner had indicated that "Exhibit A
is a copy of the letter we always send to every Appellant in every
state criminal appeal. (Affidavit pg.3,hereinafter Aff.). This the
court is able to infer that this document exhibit A was provided
prior to the Thirteenth Court of appeals rendering their opinion.
Exhibit A, itself averring Petitioner's claim, in this document it
provides in pertinent part as follow:

>     "This is an unusual occurrence, and I will advise you at
>     a later time if there are any grounds in your appeal for
>     asking the appellate court for this remedy." (See exhibit A)

Therefore, this document does not meet the requirements held by
the court of criminal appeals in Jarrett,supra, and it is a clear
violation of the United States Constitutional Sixth Amendment. An
appellate counsel does not meet the requirement simply by provi-
ding a documentation prior to the court of appeals rendering their
decision on the appeal. It is inane! Petitioner again argues the
same point concerning exhibit B, this document also is provided
prior to the court of appeals rendering their decision. This court
can reasonably infer that is the reason why Petitioner never rec-
eived a copy of the opinion, as well as notification that the
case had been denied, counsel simply was attempting to take action
in haste, oppose to doing it properly. The trial judge that address
the writ erred, in concluding that Petitioner knew what a PDR was
and when to file it because of the exhibits A & B.(See Aff.,pg.4).
These documeents were provided prior to.the court of appeals det-
ermination. Appellate counsel did not provide Petitioner with a

an explanation or meaning and effect of an appellate court's
decision. Petitioner's right to file PDR was abridge by counsel's
remissful performance. If Petitioner's right to file a PDR is
abridged or denied through the misfeasance or nonfeasance of counsel
there is an abridgment of the Sixth Amendment and Fourteenth Amend-
ment through which the State benefits and the individuals rights
are constitutionally curtailed. Cuyler v Sullivan,446 US 335,344,
100 SCt 1708,1715(1980). This the habeas judge's decision was
contrary to the Sixth Amendment, and the fact finding were also
unreasonable. See 28 U.S.C.§ 2254(d)(1) & (2). This must be granted.
GROUND FOR REVIEW NUMBER FOUR:

> PETITIONER WAS DENIED HIS TEXAS CONSTITUTIONAL ARTICLE
> I, § 15 WHEN PROSPECTIVE JUROR JESUS GARCIA DURING VOIR
> DIRE DID NOT REVEAL INFORMATION REQUESTED AS TO EVER
> HAVING BEEN CONVICTED OF A FELONY, DENYING PETITIONER
> THE RIGHT TO STRIKE THE JUROR (HIM)

The right of trial by jury shall remain inviolated. The Legislature
shall pass laws as may be needed to regulate the same, and to maintian
its purity and efficiency. Tex.Const. art. I,15. In the instant
case Petitioner's counsel relied on the custom of the judge con-
ducting the venire panel examination to ask each venire panel
member if he had been charged with theft of an felony.(See State
Writ pg.14) At the motion for new trial the court took judicial
notice,i.e., accepting the facts as true, that before jurors get
to the voir dire stage the jurors have already been talked to by
a judge in the central jury room. (Writ at 14). The judge also
took judicial notice that it was soemwhat custom to cover the
matter to ask the members of the jury room, "have any of you been

convicted of a felony...." (Statewrit pg.14). Petitioner's trial counsel during the motion for new trial presented the juror information form as an exhibit, which evinced,"Have you ever been an accused ... in a criminal case." (StateWrit pg.14). This Petitioner has argued that by the juror Jesus Garcia not exposing his felony conviction, he, the juror withheld them, and deprived Petitioner the right to query the juror, or in the alternative strike for challenge/cause. The Respondent in the "proposed" Order on the Application for writ of habeas corpus, and thereafter, signed by Petitioner believes by Menton Murray on December 23,2003, stated that Petitioner,"did not state where in the record that this juror was ever asked that question, and that the court cannot find where such question was ever asked,"and claimed that the point presented nil for review. (See Order on Application For Writ of Habeas Corpus Finding of Fact #5). This determination was in violation of 28 U.S.C.§ 2254(d)(2), which resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court "proceeding". Furthermore, the trial judge, the same judge that entertained the Application for writ of habeas corpus indicated in a memo dated November 25,2002, actually implying that Petitioner argued that because the juror member ended up being selected on the jury panel that the juror should have been disqualified, and that claim had been affirmed by the court of appeals. The court (habeas) adopted the court of appeals ruling. However, Petitioner submits that the gist is that the juror member was asked whether he had been convicted of a felony, by the judge

(p.15 of Memo-2254)                    (O.J.Perez,2004)

prior to voir dire, as well as through an information card, and did
not reveal this matter, had the juror exposed this matter, it would
have enable Petitioner to strike, better yet the State would have
requested a challenged for cause. This the juror withheld vital
material information, that was germane. Whether the juror was not
revealing because of fear of deportation is not within the province
of Petitioner. Furthermore, it is the prosecutions job to expose
this matter to the defense. This is not akin to the argument that
was raised in the State court of appeals for the Thirteenth judicial
district. As the Supreme Court has held that the trial judge has
responsibility of protecting the right to a fair trial. Nebraska
Press Ass'n v Stuart,427 US 539,555(1976). In the instant case,
the trial judge averred that it was custom that the juror would
be questioned about the felony prior to voir dire. And the same
judge had been presented with the information card, and the court
can easly reasonably infer that the juror was able to notice the
query concerning the felony, and intentionally bypassed the query.
And what could be more sordid, than to have a juror that commits
perjury under oath? The juror information card J.Garcia signed
"no" when asked if he had ever been an accused,complaint or wit-
ness in a criminal case! (See Perez v State,973 SW2d 759,760 n.2
(Tex.App.-Corpus Christi 1998). J.Garcia, not only withheld his
felony conviction, but subsequently violated the Texas Constitu-
tional article XVI,§ 2, by committing perjury. See Welch v State ex
rel.Long,880 SW2d 79,82(Tex.App.-Tyler 1994). The right to trial
by jury shall remain inviolate. The right to trial by jury means
the right to a trial by an impartial jury. See Pierson v State,

18 Tex.Ct.App. 524(1885). The Sixth amendment to the United States
provides that a criminally accused individual has a right to trial
by an impartial jury. Wells v Murry,831 F2d 468,472(4th Cir.1987).
In Easterwood v State,34 Tex.Crim. 400,31 S.W. 294,296(Tex.Cr.App.
1895), the court of criminal appeals concluded that, if the party
offered as a juror has been convicted of a felony, he is debarred
the privilege of suffrage. In R.R.E. v Glenn,884 SW2d 189,191-93
(Tex.App-Fort Worth 1994), the Fort Worth Court of Appeals con-
cluded that a party had not been afforded his constitional rights
if the jury included a person who had been convicted of a felony
and had not been pardoned by the governor, and had sat on the jury
the defendant had not been afforded his constitutional rights if
the jury composed in his case icnludes a person who has been
convicted of a felony and has not been pardoned by the Governor.
Id at 193.

The habeas court has erred in determining that the record does not
reveal where the juror was asked whether he had been accused, and
convicted of a felony. This argument is not akin to the case in
the court of appeals, that claim was concerning the unconstitutionally
of Texas Code of Criminal Procedure art.44.46. Petitioner has
argued an issue that is totally distinguishable. And this court
must reverse.

GROUND FOR REVIEW NUMBER FIVE:

    PETITIONER WAS DENIED A FAIR TRIAL BY AN IMPARTIAL JURY
    WHEN THE TRIAL COURT SUSTAINED CHALLENGES FOR CAUSE
    IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT OF
    THE UNITED STATES CONSTITUTION

In all criminal prosecutions the accused shall enjoy the right to

a speedy and public trial, by an impartial jury of the State and
district wherein the crime was committed. Irvin v Dowd,366 US 717.
The gist of this claim is that Respondent was able to obtain Thir-
teen peremptory strikes, when the trial judge knew that the jurors
could have been rehabilitated. This rendering the trial unfair.
Therefore, the habeas judge is in error determining that Petitioner
actually argued that because the jurors required the state to prove
beyond all doubt, oppose to beyond a reasonable doubt. Petitioner
conceding that this is germane, however, the issue is that the court
knew that they (jurors) did not fathom actually what the state was
talking about, and could have been rehabilitated. Whether defense
counsel should/could have rehabilitated these jurors, was impossible
because of the defense counsel's remissful,unzeal performance, there-
fore Petitioner relied on the trial judge to ensure a fair trial.
Bye not rehabilitating the jurors it permitted the state to have
thirteen strikes. The trial judge's testimony within the record
reveals that the jurors should have not been challenged for cause.
Petitioner conceding that the trial judge has discretion to permit
defense counsel to rehabilitate the jurors, Bridge v State,726 SW2d
558,564(Tex.Cr.App.1986). The trial judge must also provide defense
counsel the opportunity to query the jurors. Smith v State,703 SW2d
641,643(Tex.Cr.App.1985); United States v Shannon,21 F3d 77,82(5th
Cir.1994). The Texas court of criminal appeals will provide deference
to the trial court's decision. Colburni v State,966 SW2d 511,517
(Tex.Cr.App.1998). This case is totally distinguishable to Bridge,
Smith,Colburni,etc., in the instant case the trial judge, the same
habeas judge, that conducted the paper hearing, indicated that the

juror members could have been rehabilitated, and that the jurors
did not fahtom what the state was talking about concerning the
distinction between beyond all doubt, and beyond a reasonable
doubt. The trial judge should have taken the steps to ensure that
these jurors fathom what the state was talking about, then at that
time there would not have been any query as to the jurors ability
to adhere to the law. The trial judge/habeas judge had the
opportunity to view the jurors demeanor and tone of voice which
are critical to fathom the juror's precise position. E.g., Earhart
v State, 823 SW2d 607,627(Tex.Cr.App.1991)(The juror must be fully
questioned). Thus, Petitioner enjoys a federal constitutional right
to a fair trial before an impartial jury, with the concomitant
right to peremptory challenges a limited number of prospective
jurors in the selection proceeding. Swain v Alabama, 380 US 202,219
85 SCt 824,835(1965). In the instant case the trial judge never
viewed the jurors as to the understanding of the standard beyond
a reasonable doubt. Therefore, the trial judge abused his authority
this rendering the trial unfair, providing the State with extra
peremptory strikes. The habeas judge's determination was unreason-
able. It easly inferrable that the state would have been compelled
to use three strikes of their own. Therefore, this court must
concede that this court was rendered unfair, or that counsel was
unfair by not attempting to rehabilitate the jurors. It cannot be
both. This must be sustained.

GROUND FOR REVIEW NUMBER SIX:

> PETITIONER WAS DENIED DUE PROCESS, DUE COURSE AND EQUAL
> PROTECTION OF LAW IN VIOLATION OF HIS FOURTEENTH AMENDMENT

RIGHTS, WHEREAS, THE PROSECUTOR ARGUED TO THE JURY IMPROPER
ARGUMENT, STRIKING THE APPLICANT OVER TRIAL COUNSEL'S
SHOULDER

Prosecutors should prosecute with earnestness and vigor, he or she
may not use improper methods calculated to produce a wrongful con-
viction. Berger v U.S.,295 US 78,88(1935). Generally, the use of
such methods is grounds for a mistrial or reversal of a conviciton
if it results in an unfair trial violating the due process clause.
Darden v Wainwright,477 US 168,181(1986). For that reason a state
prosecutor may not utilize closing arguments as an opportunity to
either strike at the accused over the shoulder of his attorney.See
McGee v State,774 SW2d 229,238(Tex.Cr.App.1989). Neitehr may the
prosecutor use final argument as a vehicle to accuse defense counsel
of bad faith or insincerety by attacking the lawful efforts of
defense counsel to represent his client. See Gomez v State,704 SW
2d 770,771(Tex.Cr.App.1985). Petitioner has argued that the State
inflamed the minds of the jurors, the trier of fact, during final
argument swaying the jury that defense counsel would blow smoke in
their face, that it was defense counsel's strategy in order to
confuse the juror members. (See State Writ,hereinafter S.W.,pg.20)
Respondent in the proposed order indicated, that the statement, was
not an improper response to Petitioner's attorney's trial tactics.
And that if it was improper that Petitioner did not suggest no
resulting prejudice. The habeas judge's determination, is contrary
to the Texas Court of Criminal Appeals holdings. See Fuentes v
State,664 SW2d 333,335(Tex.Cr.App.1984); Bell v State,614 SW2d 122,
123(Tex.Cr.App.1981); Bray v State,478 SW2d 89,90(Tex.Cr.App.1972).

(p.20 of Memo-2254)                    (O.J.Perez,2004)

(see all citation in S.W.,pg.22). This inflammatory final argument
imbedded in the jury's mind, but also the comment from the trial
judge the same habeas judge, stated to the jury that,actually the
voir dire members that a member would know that defense counsel
would blow a bunch of smoke half the time. This the credibility of
defense counsel had been evince to the jury. However, the deadbang
that hit the nail on the head, was the prosecutor commenting that
defense counsel would blow smoke to confuse the jury. This clearly
did not reflect on defense counsel, but reflected on Petitioner!
The prosecutor invited the jury to discredit defense counsel. But
the prosecutor did not quell at that point, the prosecutor went fur-
ther and made more comments.(S.W.,pg.23). Therefore, Petitioner
was denied the due process clause to a fair trial,e.g.,Donnelly v
DeChristoford,473 F2d 1236(1973). The prosecutor's function is to
vindicate the right of people as expressed in the laws and give
those accused of a crime a fair trial. Berger v United States,295
US 78,88,55 SCt 629,633. Thsi court must dela with the aspect of
a fair trial which is implicit in the due process clause of the
Fourteenth Amendment by which the state are bound. Chambers v
Mississippe,410 US 284,93 SCt 1038; Turner v Louisiana,379 US 466,
85 SCt 546. Its overt that the Court of Criminal Appeals have held
that the striking the defendant over the shoulder of trial counsel
during the final argument, and throughout the trial is reversal
error. Cf. Washington v State,668 SW2d 715,716(Tex.App.-Houston
[14th Dist.]1988). Blowing smoke was not a matter of law, as
indicated by the habeas judge.(S.W.,pg.2(E)(Memo dated Nov.25,02)

It simply was an opinion, personal opinion by the state prosecutor nor could it have been factual within the trial. The opinion did mislead the jury, and this must be reversed. The trial was unfair. The jury used the blowing smoke tactic, to discredit defense counsel. This the jury took it out on Petitioner.

GROUND FOR REVIEW NUMBER SEVEN

> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF
> TRIAL COUNSEL, RENDERING THE TRIAL UNFAIR. DENYING
> PETITIONER'S UNITED STATES CONSTITUTIONAL SIXTH AND
> FOURTEENTH AMENDMENT

Petitioner has the right to the effective assistance of counsel whether appointed or retained, at all stages of the criminal proceedings. The Sixth Amendment right to counsel arises whenever the accused is confronted with a critical stage of the criminal process. Gideon v Wainwright,372 US 335,83 SCt 792(1963); Strick-land v Washington,466 US 668,104 SCt 2052(1984). Petitioner must evince to the court that (1) counsel's assistance was unreasonable considering all the circumstances of the case. Petitioner has provided the court with circumstances that can easly be inferred that counsel was unreasonable, see S.W.,pg.24-34. Petitioner has evinced that there is a reasonable probability that, absent of counsel's error(s), the fact finder would have not found guilt. The erros identified by Petitioner concerning trial counsel are act and omissions that failed to meet the prevailing professional norms of a defense counsel. Strickland,104 SCt at 2066 n.97;(S.W. pg.24-34). The following are the ineffective ness by trial counsel

(a) The Respondent's contend that trial counsel was not ineffective for not questioning officer Garcia, to find out if

his testimony corroborated with Amos Gonzalez. Counsel did file a
motion to disqualify the witnesses. However, counsel knew that
the two witnesses had a colloquy. During the hearing, defense counsel
only queried one of the witnesses,i.e., A.Gonzalez. Without even
querying Detective Garcia, it was as if counsel knew that officer
Garcia would fib, or defense counsel simply did not have the zeal
to get to the bottom the matter. And this it is obvious that coun-
sel filed a frivolous motion. The cora issue is to query the two
witnesses, to find out if the testimony did corroborate, sort of
attacking their credibility. Had Garcia provided an inconsistent
testimony, their credibility would have been at stake, somewhat
marred a modicum. Petitioner has asked himself abundant times,"why
would counsel file a motion and not get to the gist of the motion?"
Everything in life has two sides. Did counsel simply filed the
foregoing motion in order to substantiate the Strickland "reasonable"
test?"Counsel discredit Sandra Perez!" Had counsel exposed any
inconsistency, the trial judge would have to have exclude the two
witnesses.

(b) Petitioner has argued that counsel filed motion to
quash the indictment, and did not continue to have the indictment
quashed. Counsel again withdrew from having the motion granted.
Respondent's claim that the failure of counsel to move to quash
the term "reckless" in the indictment is without merit, and that
reckless is a cupable mental state for the offense of aggravated
assault. (Habeas Finding of fact pg.3 #10). The common law is that
in order for the court to gain jurisdiction, the indictment is

required to plead the act or acts or manner and means that make the
act reckless. See.e.g..American Plant Food Corp. v State,508 SW2d
598,603(Tex.Cr.App.1974). As stated in Ex parte Mathis,571 SW2d 186,
(Tex.Cr.App.1978), if an element is missing in the indictment the
indictment fails to allege an offense. Id. at 187; also see Hamling
v United States,418 US 87,117,94 SCt 2887(1974). During the trial
counsel acknowledge that the indictment alleged the reckless, without
alleging the acts or act that constituted conscious disregard of a
substantial with unjustifiable risk. Which apparently is a legal
conclusion. Furthermore, counsel stated that without the allegation
that the vehicle may have been occupied by people, it does not state
an offense.(S.W.,pg.27). The indictment alleges intentionally, know-
ingly and recklessly, using the term conjuctively. Therefore, it is
totally distinguishable to the culpable mental state of intent and
knowingly. An intent can only be committed by a person who has the
specific in tent to commit or complete the offense,i.e., the intent
to commit the aggravated assault.E.g.,Flanagan v State,675 SW2d 734,
741-42(Tex.Cr.App.1984). The culpable mental states cited in the
indictment are classified to highest to lowest. Penal Code § 6.02.
Therefore, counsel had an obligation to either allow the court to
amend the indictment or dismiss. The trial judge hindsightly claims
that had defense counsel persued this matter, he would have denied.
Had this not have no merit, the trial judge would not have granted
omitting the recklessness in the court charge (S.W.,pg.28),however,
it obviously had merit! The jury found guilt, as alleged in the
indictment,i.e., a general verdict of guilt. Therefore, the indictment

must confirm to the charge, and the habeas court is awry in their determination. The decision is contrary to the United States Supreme Court holding in Hamling,supra. In the instant case counsel simply filed a merit motion that he did not have no intentiona of being persistent in prevailing. This evincing that counsel was not reasonable in his assertions, what reasonable counsel would have knowledge that the indictment did not set forth an offense, and not take action to thwart the violation. Furthermore, counsel did prevail in the omitment within the court charge, however, the jury found guilt as alleged in the indictment, the indictment is the gist of jurisdiction, if it does not allege an offense it is nullified. See citations in S.W.pg.27-28. This counsel was deficient, and because of that deficient performance Petitioner is convicted on an indictment that is invalid, furthermore, the defense counsel permitting conviction on the court charge that did not track the indictment. As the controlling case of <u>Studer v State</u>,799 SW2d 263, 276(Tex.Cr.App.1990), that case evincing the requisite waiver if not raised prior to trial concerning the indictment. However, that case law also stated that counsel is nto permitted to lie and wait to see if their client will be acquitted before claiming that the proceeding were fundamentally flawed. Id.

(c) Petitioner once again complains that counsel was clearly unreasonable, his performance was deficient when he did not query the witnesses. The habeas judge contends that the decision to not query the jurors is employed on several occasions in the past. Petitioner submits that this case is nil compared to the other case

THAT the trial judge (habeas) is referring to. Therefore, this case should be considered within its own facts. The gist of Petitioner's argument is not that counsel defer the cross-examination, the issue is that when it was time to cross-examine, counsel did not attempt to discredit the witnesses, had not oen plan! The habeas judge is contending that there was a gap, however, he does not address the gap, nor did he attempt to query the defense counsel, to find out the core of the issue, because the record does reflect that there was no oral motion for direct verdict, which is very seldom conducted within the criminal process. Habeas judge also claims that there was no harm, the harm is elicited, this strategy was used against Petitioner, because counsel did not cross examine the witness the state prosecutor was able to inform the jury that counsel only, "asked one or two queries...didn't make any sense." What could be more overt, than to have the state inform the jury that defense counsel did not actually do his job, when defense counsel instructed the jury that the evidence is going to come from the stand. (S.W., pg.30-31. And then counsel did not present any evidence on the stand by cross-examining the witnesses. This counsel prejudice the defense, by not eliciting any evidence for the jury to consider from the stand. This is harmful, and overtly harmful because the state used everything that counsel did to their strategy.

(d) Petitioner, has asserted that defense counsel was not prepared for trial, because defense counsel's wife was going through her own criminal charges, that counsel was not able to focus. The habeas court contends, that the remaining points are so

none-specific that the court does not know of what the Petitoner

complains. (Findings of fact,memo dated Nov.25,2002). The court's

determination of the issue is inane, and the claim is so overt, that

a jurists will be able to decipher the complaint. The habeas court

if it did not fathom, then it could have ordered Petitioner to

supplement the comaplaint on that particular issue, or the court

could have bench warrant Petitioner. This trial was only heard

from one side. It was as if everything that counsel did the state

was able to attack Petitioner because of counsel's performance,

that is prejudicial itself. Counsel, did not attempt to elicit the

actual scene to the jury, no did counsel ask whether the victim

and his friends had been drinking. Everything was germane, because

the jury would only be able to convict throught circumstantial

evidence. Therefore, Petitioner is comaplaining that counsel had

his mind on other issues, concerning his wife's charges.

        (e) Petitioner has claimed that counsel did not attempt

to rehabilitate the three veniremembers that were challenge for

cause by the state, which infected the entire proceeding. Respondent

contend that there is nil in the record that suggest that the jurors

could have been rehabilitated. However, the same judge that did

conduct the trial, is the same habeas judge, and therefore, claims

that there is nil in the record to suggest that the jurors could

have been rehabilitated. Petitioner submits that this same judge

is the judge that informed, the state and the defense that the jurors

could have been rehabilitated, because the jurors did not fathom

what the prosecution was talking about, this is clearly an unreason-

able determination of the facts. Again, this query issue has been
an enormous marring in the instant case, counsel did not query the
jurors in order to rehabilitate them, this was asserted by the
habeas judge at trial. Counsel did not query the witnesses, counsel
did not query the felony convicted juror member that made the petit
jury. That lack of counsel attempting to rehabilitate the three
venire members did prejudice the defense, what jurist would have
been more credible than the trial judge to inform the counsel's
that the jurors did not fathom what the state was talking about
as well as inform the state and defense counsels that the jurors
could have been rehabilitated. As Petitioenr has pointed out that
in several cases it has been the trial judge that has prevented the
defense from asking any questions, but in this case, it was counsel
that simply did not ask.

Petitioner has provided this court with ample to aver that counsel
prejudice the defense, his performances were clearly attacked in
every aspect, by the state prosecutor,and the trial judge through-
out the trial. The state attacked Petitioner over the should of the
defense counsel. Everything that was said concerning trial counsel
did not hurt counsel himself, it reflected on Petitioner. This was
an impact on Petitioner which resulted an unfairness of the trial.
Cf. Boyd v Estelle,661 F2d 388,389-90(5th Cir.1981). This there is
a reasonable probability that had counsel prevailed, or in the
alternative was more adamant and effective, the trial would have
been distinct. Had the motion to quash been granted, the state
would have been required to been more specific and would have to
prove any allegations in the indictment. The indictment is null.

(p.28 of Memo-2254)                    (O.J.Perez,2004)

And defense counsel had an obligation to continue to persue the
motion for qushing the indictment, as well as query the venire
members. This Petitioner has meet his burden, and this court must
apply the less stringent standard. Grant this claim.

GROUND FOR REVIEW NUMBER EIGHT:

> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF
> APPELLATE COUNSEL, DENIAL OF DUE PROCESS OF LAW
> DUE COURSE OF LAW UNITED STATES CONSTITUTION SIXTH
> AND FOURTEENTH AMENDMENT

The habeas court did not address thia claim, therefore, Petitioner
will address as if it was denied. The gist of the complaint is that
the Antiterrorism And Effective Death Penalty Act was signed into
law by the president in April 24,1996. And the Fifth Circuit has
persistently held that every claim brought must be exhausted. See
Sterling v Scott,57 F3d 451(5th Cir.1995). This means that Petitioner
must present his claims to the state court. See Duncan v Henry,115
SCt 887,888(1995). However, the Fifth Circuit has held that an
appellate counsel does not have to raise all claims, or issues that
are argued by his client. Moss v Collins,963 F2d 44(5th Cir.1992).
There is a conflict between the holding of the Supreme Court and
the Fifth Circuit's holding, that counsel does not have to raise
every argument by the client. This court must settled this matter.
The denial of appellate counsel not raising claims in the appellate
level, renders the impedement of the claims being raised, as well,
as the claims being denied. Petitioner conceding that the counsel
must weed out the meritless claims, but counsel in this case did
not raise the claims herein. The appellate counsel Warner is the
same defense counsel, that Petitioner is herein complaining about

Therefore, counsel should have raised the claims herein, and it
is clearly a denial of the United States Supreme Court determinat-
ion that the Fourteenth Amendment guarantees through the due
process on direct appeal. Evitts v Lucey,105 SCt 830(1985). In
the instant case appellate counsel did not raise the dead bang
winner,i.e., ineffective assistance of counsel. This prejudiced
Petitioner's opportunity to raise on direct appeal. Furthermore,
impeding the process of the appeal claims herein, which is in
conflict with the AEDPA, as well as the decisions rendered by the
distinct courts,i.e., Duncan v Henry,115 SCt 887(1995)(present all
claims); Marlin v State,851 SW2d 275(Tex.Cr.App.1993)(forfeit claims);
Ex parte Goodman,816 SW2d 383(Tex.Cr.App.1991)(riase on direct
appeal); Moss v Collins,supra(appellate counsel is not requdred
to raise all claims); Loften v Whitley,905 F2d 885(5th Cir.1990)
(same),et seq. This matter must be resolved now. Sustain the
claim.

GROUND FOR REVIEW NUMBER NINE:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN ADMITTING
> BEFORE THE JURY THE IDENTIFICATION OF THE PETITIONER
> BY MELBA MURILLO. DID THE EVIDENCE SHOW THAT THE PHOT-
> OGRAPHIC LINEUP CONTAINING ONLY ONE GÜERO LIGHT SKINNED
> MAN AND FIVE MORENOS COFFEE-COLORED MEN TRANSLATION IN
> THE EVIDENCE GIVE RISE TO A VERY SUBSTANTIAL LIKELIHOOD
> OF IRREPARABLE MISIDENTIFICATION

Petitioner's trial counsel filed amotion to supress both the out
of court identification based on the suggestive photo-spread and
to supress the in court identification tainted by that suggestive
photo spread. The motion to supress the indentification of Melba
Murillo (See State Petitioner's Appellate Brief pg.41)(herein-

after App.Br.) The motion sought to have her disqualified from
making a subsequent in court identification because she cannot
clear her mind of the earlier impression. The trial court ruled:
"All right. These motions to supress" are "going to be denied."
(App.Br.,pg.41). Melba testified at the supression hearing, that
she was unable to see whether the driver of the white Marquis had
on a hat. And that seh did not see Petitioner in the courtroom.
(S.W.,pg.5(Memo)). Melba and Amos testified that Petitioner was
the driver of the white Marquis, however, this was clarified at
what time Petitioner was the driver, could it have been prior to
the incident, because there was not one testimony concerning whether
Petitioner was the driver at the time of the shooting, nor is
there mucy evidence that this was the sole vehicle. The critical
issue here is the photos presented to Melba, as well as to the
court in process. Furthermore, the identification from Amos was
also a factor. The Thirteenth Court of Appeals in Texas, held that
the photograph of head shots of six Hispanic males. All of the young
men are comparable age and facial features. All have short,dark hair.
The court held that the skin color difference between Petitioner
and the other five men, is, in their view,minimal. See Perez v
State,41 SW3d 712,720(no date). This due process requires the
supression of an in-court identificaiton only if: (1) an impermis-
sibly suggestive out of court procedure; (2) gave rise to a very
substantial likelihood of irreparable misidentification. See Neil
v Biggers,409 US 188,198; Stovall v Denno,388 US 293,87 SCt 1967
(1967)(A pretrial identification procedure may be so unnecessary

(p.31 of Memo-2254)                    (O.J.Perez,2004)

suggestive and conducive to mistaken identification that to use
that identification at trial would deny the accused due process of
law); Also see Webb v State,760 SW2d 263,269(Tex.Cr.App.1988). In
the instant case Melba could not positively identify Petitioner at
the trial (App.Br.,pg.42). In fact Melba averred that the culprit
was not in the courtroom. Id. at 42. Therefore, the fruit of the
tree within the instant case, is the photograph, which obviously
only portrade Petitioner as the lighter individuals in the photo.
Reliability is the critical query,"If the totality of the circumstan-
ces reveals no substatnial likelihood of misidetnification despite
a suggestive identification testimony will be deemed'reiable',
reliability being the linchpin in determining the admissibility of
identification testimony. Manson v Brathwaite,432 US 98,97 SCt
2243(1977). The court of appeals for the Thirteenth District of
Texas somewaht averred that the photo was distinct by using the
term minimal. Melba and Gonzalez were not able to identify Petitioner
at the time of the actual crime. There was no evidence whether what
type of identification was provided to the police officers at the
time of the offenses. Petitioner was not apprehended until several
days later. These are factors that must be considered. Id at 114,
97 SCt at 2253. The photographic lineup lead to the eyewitnesses,
 identification, which was defective as to rendering the indentif-
ication constitutionally inadmissible as a matter of law. See
 Foster v California,89 SCt 1127,1128(1969). Petitioner has been
denied the due process. The appeal cuort erred in affirming this
claim. Therefore, this court must view the distinction within the

photo array, and he able to easly infer that it was unduly sugges-
tive pretrial identification. Must grant this claim.

GROUND FOR REVIEW NUMBER TEN:

> THE EVIDENCE WAS INSUFFICIENT,THERE WAS NO EVIDENCE THAT
> PETITIONER ACTED KNOWINGLY; NO EVIDENCE THAT PETITIONER
> ACTED INTENTIONALLY; THERE WAS NO EVIDENCE THAT PETITIONER
> KNEW THE INTENT OF THE SHOOTER; NO EVIDENCE THAT PETITIONER
> KNOWING THE INTENT OF THE SHOOTER, NOR ACTED WITH INTENT
> TO AID THE SHOOTER

The legal sufficiency of the evidence under the federal standard
is set out in Jackson v Virginia,443 US 307(1979). Jackson held,
"The relevant query is whether after viewing the evidence in the
light most favorable to the prosecution, any ratoinal trier of
fact could have found the essential elements of the crime beyond
a reasonable doubt. Id at 319. There was no evidence that Petiti-
oner was the shooter; the trial court subbitted the case to jury
on an accomplice theory (App.Br.,pg11). There was no evidence that
Petitioner knew of the intent of the shooter to shoot. The shooter
did not testify. Petitioner did not testify or give a statement.
There was no evidence that the Petitioner said anything at or near
the time of the shooting to show that he aided,counseled,solicited,
encouraged,or abetted or attempted to abet the shooting. E.g.,There
was no evidence that Petitioner said,"shoot him!" or that he handed
the shooter a gun. There is no evidence that Petitioner did any of
those things with the specific intent to aid the shooter in shoot-
ing. E.g., there is no evidence that he handed the shooter a gun.
The proof fails to show Petitioner as an accomplice.(App.Br.,pg.12).
Without any evidence that Petitioner know of the intent of the
shooter to shoot, a rational factfinder could not have found the

essential elements of the crime beyond a reasonable doubt." A
rational factfinder could not have found all the essential elements
of the crime on this evidence in this case precisely because there
was no evidence at all that Petitioner knew of the shooter's intent
to shoot. There was no confession or testimony from the shooter.
There was none from Petitioner. No one overheard any conversation
between the shooter and Petitioner and testified at trial about
any discussions. The court told the jury that knowledge of such
intent was an essential element of the offense (App.Br.,pg.12).
Without any evidence of such knowledge of such intent, no rational
factfinder coudl have rendered a guilt verdict. The state had to
further prove more than just knowledge of the intent of the shooter
to shoot. The state also had to prove that Petitioner acted with
intent to aid the shooter in shooting. Petitioner presenting the
akin argument concerning the knowledge,supra. The court of appeals
affirmed the conviction, contending that this had no merit, and
that the intent would be evinced,inferred from circumstantial
evidence such as the acts, words, and conduct of the accused.cited
Wolfe v State,917 SW2d 270,275(Tex.Cr.App.1996); Patrick v State,
906 SW2d 481,487(Tex.Cr.App.1995). The court of appeals provided
a narrative that indicated that Petitioner was actually identified
as the driver "during" the criminal offense. This fact is amiss,
there was little evidence that Petitioner was at the park, and
was conversating with Melba, however, there is certianly no direct
evidence linking Petitioner as the driver of the vehicle during the
actual time of the offense. In fact there was evidence that there
was not adequate lighting at the Morningside Park.(S.W.,Memo pg.5).

Petitioner presented King v State,638 SW2d 903(Tex.Cr.App.1982),
a case akin to the instant case, in which King there was direct
evidence that King was the driver of the vehicle. And that King
case was reversed for insufficiency of the evidence. The court's
determination to affirm was arbitrary. This court is obligated
pursuant to Jackson v Virginia, to uphold the law, and reverse the
instant case. See Appallent brief for the full argument. The court
of appeals determination is unreasonable concerning the facts of
the case, furthermore, the denial of the claim, is a denail of
the due process of law.

GROUND FOR REVIEW NUMBER ELEVEN:

    REQUIRI*NG A CO-DEFENDANT TO CLAIM THE PRIVILEGE AGAINST
    SELF INCRIMINATION IN FRONT OF THE JURY

The trial court did abuse its discretion in allowing the state to
require a codefendant to claim his right not to incriminate himself
in the presence of the jury (App.Br.,pg.39). There was no evidence
to contradict the statement of his counsel that he intended to
pursue an out of time appeal or a collateral attack.(id). The state
court of appeals affirmed this claim. Petitioner has argued that
the unfair procedure marred the trial. It is obvious that this
keen unfair procedure by the state, had the only motive but to
render the trial unfair. There is no purpose of compelling the
witness to the stand, knowing that he will invoke the Fifth. The
procedure taken by the state misslead the jury, as if the witness
was covering for Petitioner. It was in violation of Texas Const.
Art.1,§ 10. However, it violated the Petitioner's right to a fair
trial. (See full argument in Appellate Brief pg.38-40)

# GROUND FOR REVIEW NUMBER TWELVE:

THE JUROR FELON,THE TEXAS CODE OF CRIMINAL PROCEDURE
VIOLATES ARTICLE I,SECTION 10 OF THE TEXAS CONSTITU-
TION(SEE APPELLANT BRIEF PAGE 6-7 & 30-38)

The opinion of the Thirteenth Court of Appeals in Texas deprives

Petitioner of the due process of law as guaranteed. U.S.Const.

amend.XIV. The State's refusal to adhere to its own law constitu-

tes a violation of a guaranty of the Fourteenth Amendment due

process. The opinion of the court of criminal appeals disregarded

the State's own constitution forbidding the service of a felon on

a jury. See Tex.Const.art.XVI,§ 2. If the State violated its own

laws, Petitioner must show that the alleged violation of state

law denied his due process under the Fifth and Fourteenth amend-

ments to the federal constitution. Hicks v Oklahoma,447 US 343,

Moreover, the deprivation by the State's failure to adhere to its own

law must be arbitrary in the constitutional sense; that is, it

must shock the judicial conscience. E.g.,Collins v City of Harker

Hieghts,Texas,503 US 115,129-30,112 SCt 1061(1992). This depriva-

tion is arbitrary in the constitutionally sense in that it involves

suchmight be deemed the work of result-driven jurisprudence.
Comparison of felony driving while intoxicated with high crimes
approximates mere sophistry. Perez v State,11 SW3d 218(Tex.Cr.App.
2000). One convicted of felony DWI may be imprisoned for ten years.
Tex.Pen.Code §§ 12.34,49.04. He may not vote or stand for public
office: Section 1 of Art.VI: "The following classes of persons
shall not be allowed to vote in this state,to wit: *** Fourth:
All persons convicted of any felony, subject to such exceptions
as the legislature may make. Powell v Baird,133 Tex.489;128 SW2d
786(Tex.1939). The right to vote is vital because no one may serve
on a jury who is not a qualified elector. Tex.R.Crim.Proc. 35.16
(a)(1). The legislature did not ever make any exceptions for
people convicted of DWI, and this when the second time was a
felony. The stipulation in Petitioner's case shows that the juror
felon had been convicted three times, oppose to simply one. He
suffers the same penal and civil disabilities as one convicted
of any other 3rd-degree felony, such as third degree felony theft.
Tex.Pen.Code §§ 12.34,31.03(e)(5). The opinion of the court of
appeals for the Texas Thirteenth district should shock the judicial
conscience. Shock the court's conscience was originally used to
describe police conduct in chocking one thought to be attempting
to swallow contraband, rather a hands- on emetic. Rochin v Califo-
rnia,342 US 165(1952). While the court of Criminal Appeals may
be the final judicial arbiter of the criminal law of the state,it
is not beyond review. Recently, in Bush v Gore,121 SCt 525(2000),
the Supreme Court of the United States reviewed decisions of state

courts of last resort which it had previously found misinterpreted each state's own law so as to be inconsistent with the federal constitution. In Harker Heights, the Supreme Court noted that due process does not act as a guaranty against incorrect decisions or imply an ability to supplant state law. Heights dealt with personnel decisions with a disregard of two unambiguous provisions of the state constitution. The supremacy clause of the current federal entity makes the union's constitution foremost. U.S.Const. art.VI,cl.2. The members of the court of appeals may be faithful to their promises to uphold and defend each constitution by finding that the court of criminal appeals deprived Petitioner of due process and due course (Tex.Const.art.I,§§ 13 & 19) by disregarding both Section 1 of Article VI and Tex.Const.art.XVI. The court of appeals should not wait for a federal magistrate to review this matter. This is adjudicative responsibility assigned to this court; it should hear and decide the matter. Furthermore, the Panel has decided an important query of state law that ought to be but has not been decided by the court en banc. The query is: "Whether a conviction alone does not constitute significant harm within the meaning of art. 44.6;"State v Reid,965 SW2d 74,77(Tex.App-Austin 1998), is not controlling or should not be regarded as well reasoned. It is not controlling because it is an opinion of another court of appeals, not the highest court,i.e., the court of criminal appeals. It is not well reasoned since it did not consider the issue of due process and a state's not adhering its own law. The Court of appeal must further decide the query:"Is the mere calling

of a convicted felon sitting in the jury while being asked if he has been convicted of a felony, and denies, would he be able to adhere to the instruction whether to find guilt or not? It is reasonable to infer that if the felon fibbed concerning the felony his credibility is marred. Therefore, this court must agree that the state court decision was unreasonable, and that the decision was rendered arbitrary, and in violation of the due process. The convicted felon on the jury petit panel was itself harmful.

CONCLUSION:

Petitioner has evinced to this Honorable court that he is being held in violation of the United States Constitutions.

Prayer:

Petitioner prays that the Honorable Court will grant said writ of habeas corpus, and in the alternative provide a hearing that will elicit facts that were bypassed by the state. Amen!

Sincerely Submitted,

Orlando Javier Perez
TDCJ # 756730
Bill Clements
9601 Spur 591
Amarillo,TX 79107-9606
SIGNED ON THIS 28 DAY OF May ,2004.

CERTIFICATE: I, Orlando J.Perez, do hereby declare under penalty of perjury that the foregoing Memorandum of law in support of Petition for a writ of habeas corpus... is true and correct.
SIGNED ON THIS 28 DAY OF May ,2004.

OR/or
CC: file,OR.

# IN THE UNITED STATES DISTRICT COURT

FOR THE _NORTHERN_ DISTRICT OF TEXAS

_AMARILLO_ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

[Stamp: NORTHERN DISTRICT OF TEXAS / JUN - 1 2004 / CLERK, U.S. DISTRICT COURT / BY _ac_ DEPUTY]

ORLANDO JAVIER PEREZ
_____
PETITIONER
(Full name of Petitioner)

CLEMENTS UNIT
9601 Spur 591
Amarillo, Texas 79107-9606
_____
CURRENT PLACE OF CONFINEMENT

TDCJ-ID NO. 756730
_____

vs.

PRISONER ID NUMBER

DOUGLAS DRETKE, TDCJ-ID DIRECTOR
_____
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**2-04CV-140-J**
_____
CASE NUMBER
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

*1*

5.   Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.   Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.   When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.   Petitions that do not meet these instructions may be returned to you.

---

# PETITION

## What are you challenging?  (Check <u>only</u> one)

☒  A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-23)
   probation or deferred-adjudication probation
☐  A parole revocation proceeding.     (Answer Questions 1-4, 13-14, & 20-23)
☐  A disciplinary proceeding.      (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1.   Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
103rd District Court of Cameron County, Texas

2.   Date of judgment of conviction:  November 25, 1996

3.   Length of sentence:  Fifteen years (15)

4.   Nature of offense and docket number (if known): aggravated assault with a firearm, Tex.Penal Code Ann. § 22.02(a)(Vernon 1994). Tr.Ct.No. 96-CR-521-D

---

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.   What was your plea? (Check one)

☒   Not Guilty    ☐   Guilty    ☐   Nolo contendere

6.   Kind of trial: (Check one)  ☒   Jury    ☐   Judge Only

- 2 -                    CONTINUED ON NEXT PAGE

7.    Did you testify at the trial?    ☐    Yes    ☒    No

8.    Did you appeal the judgment of conviction?    ☒    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

Thirteenth Judicial District _____ Cause Number (if known) 13-97-095-CR
Corpus Christi, Texas
(The remainder of claims were later address,App.No.never received from counsel)
What was the result of your direct appeal (affirmed, modified or reversed): Reversed and Remand

What was the date of that decision? __16th day of July, 1998__

If you filed a petition for discretionary review after the decision of the court of appeals,
answer the following: State filed PDR No.1430-98; Petitioner Responded on
March 4,1999.
Result: Reversed and Remanded _____

Date of result: __February 9,2000__ Cause Number (if known): __1430-98__

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the
following:

Result: _____ n/a _____

Date of result: _____ n/a _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this
judgment in any court, state or federal? This includes any state application for writ of habeas
corpus that you may have filed.

☒    Yes    ☐    No

11.    If your answer to 10 is "Yes," give the following information:
                       103rd District Court of Cameron County, Texas coupled with
Name of court: the Texas Court of Criminal Appeals _____

Nature of proceeding:  State application for writ of habeas corpus _____

Cause number (if known): ~~96xxxxxxxxxxx~~    96-CR-521-D(Tr.Ct.) ___
                          Ex Parte,Perez,WR-57,518-01 (Tex.Cr.App.2004)
Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-
stamped date from the particular court.
      November 13,2002 _____

Grounds raised: ____ The identical grounds raised herein. _____

-3-                                CONTINUED ON NEXT PAGE

Date of final decision: _____ May 19,2004 _____

Name of court that issued the final decision: _Tex.Crim.Ct.App._____

As to any *second* petition, application or motion, give the same information:

Name of court: _____ Court of Criminal Appeals _____

Nature of proceeding: application for writ of mandamus _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
Januray 7,2004 _____

Grounds raised: _____ one _____

_____

_____

Date of final decision: _____ Held in abeyance pending compliance with the
order. Final May 19,2004. _____

Name of court that issued the final decision: _____ Court of criminal appeals

(Petitioner wrote several letters that impede his ability to continue).

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

           ☐    Yes      ☒    No

  (a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

                n/a _____

                _____

  (b)   Give the date and length of the sentence to be served in the future: _____ n/a _____

                _____

  (c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

    ☐    Yes    ☒    No

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.    Date and location of your parole revocation: N/a _____

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

      ☐    Yes    n/a    ☐    No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No
                                 n/a

16.    Are you eligible for mandatory supervised release?    ☐ Yes    ☐ No
                                       n/a

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

                                     n/a

Disciplinary case number: _____

18.    Date you were found guilty of the disciplinary violation: ___n/a_____

Did you lose previously earned good-time credits?    ☐ Yes    ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

                n/a
      ☐    Yes    ☐    No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____n/a_____

_____

Date of Result: _____n/a_____

Step 2 Result: _____n/a_____

_____

- 5 -

CONTINUED ON NEXT PAGE

Date of Result: _____

20.    State clearly every ground on which you claim that you are being held unlawfully.
Summarize briefly the facts supporting each ground. If necessary, you may attach pages
stating additional grounds and facts supporting them.

**CAUTION:**
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest
state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred
from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each
statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you
have exhausted your state court remedies. However, you should raise in this petition all available grounds
(relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE
the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or
made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to
the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and
impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

- 6 -                                    CONTINUED ON NEXT PAGE

A.    **GROUND ONE:** Petitioner was denied his Tex.Const.Art.I,§15,when prospective Juror Jesus Garcia during voir dire did not reveal information requested as to ever having been convicted of a felony,denying Petitioner the right to strike the juror member.(See Memo.pg.7)

Supporting FACTS (tell your story briefly without citing cases or law):
The trial court's custom was that the jurors would signed a card that asked whether any juror has ever been accused of a felony,etc.

Garcia answered no on the jury card, furthermore, prior to voir dire the court had asked Garcia as well as the other potential juror whether they had ever been convicted of a crime. Again Garcia withheld the information. Because of this withholding of information Petitioner was unabel to weigh whether he would strike this member. Furthermore, it was reasonabel to infer that the member Garcia would not have made through the challenge for cause. This rendering the Petitioner's trial unfair.

B.    **GROUND TWO:** Petitioner was divested of the due process of law When the Prosecutor misstated the law during voir dire.United /States Constitutional Fourteenth Amendment.(Memo.pg.10)

Supporting FACTS (tell your story briefly without citing cases or law):
This case had no direct evidence that would place Petitioner as the driver of the vehicle at the time of the offense, nor was there any direct evidence that Petitioner aided,encouraged the shooter in any manner. There was no direct evidence that would evince that Petitioner knew the shooters intent. Therefore, every circumstance within this case was vital. The elements would have to be proved through circumstnatial evidence. And it was behooved that the state make sure that they evinced circumstances that would be reasonably reliable. But the state stated to the jury that it did not have to prove the modicum evidence that it would rely on conviction. This misstated the law, and mislead the jury.

C.    **GROUND THREE:** Petitioner was denied effective assistance of counsel (appellate) when appellate counsel did not advise Petitioner of his right to prepare and file a petition for discreitonary review, and did not raise claims that were so overt to be violations and would provide petitioner with relief on direct appeal.(See Memo.pg.11)

Supporting FACTS (tell your story briefly without citing cases or law):
Till this day Petitioner has not received a copy of the court of appeals affirmance regarding the remaining claims. Counsel assumes that because he provided a document prior to taking Petitioner's appeal, it would and should be in compliance with the Strickland standards. Counsel never informed Petitioner whether he had been denied on the remaining claims, or whether the court had overruled his Motion for rehearing en banc. In order to enable Petitioner to pursue the PDR pro-se. This impeding the Petitioner's ability to pursue the claims.Petitioner attempted to write the court's to acquire information, but to no avail. Counsel did not explain any possibilities of the appeal,PDR,inter alia.

- 7 -                              CONTINUED ON NEXT PAGE

D.    GROUND FOUR: Petitioner was denied his Tex.Const. Art.I,§ 15 when prespective Juror Jesus Garcia during voir dire did not reveal information requested as to ever having been convicted of a felony,denying Petitioner the right to strike the juror.(Memo-.pg.14)

    Supporting FACTS (tell your story briefly without citing cases or law):
See facts in ground for review number one.supra.

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

           ☐  Yes          ☒  No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

          n/a

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

           ☐  Yes          ☒  No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

          n/a

- 8 -

CONTINUED ON NEXT PAGE

E. GROUND FIVE: Petitioner was denied a fair trial by an impartial
jury when the trial court sustained challenges for cause in violation
of the Sixth and Fourteenth Amendments of the United States Const.
SUPPORTING FACTS: The State was permitted to strike three venire
members that the court had stated that they coudl have been rehab-
ilitated, and were not, and that the jurors did not fahtom what the
state was talking about concerning the beyond all doubt, and beyond
a reasonable doubt. This the state was actually permitted to strike
three additional, had the court itself or defense counsel attempted
to rehabilitate the state woudl have been compelled to use the
three strikes to these three members, however, because they were
not it is inferable that the state had three additional strikes
oppose to the defense having only ten, which obviously rendered the
trial unfair.

F. GROUND SIX: Petitioenr was denied due process, due course of
law and equal protection of law in violation of his fourteenth
Amendment rights, whereas, the prosecutor argued to the jury improper
argument, striking the Petitioner over trial counsel's shoulder.
(Memo.pg.19-20)
SUPPORTING FACTS: During the trial the prosecutor would inform to
the jury that counsel blows alot of smoke, which would only discredit
the defense counsel, which ultimately would not effect the defense
counsel, but would affect Petitioner, The trial court even corro-
borated that counsel would blow alot of smoke, the state was able
to use this at the final argument. Thsi the jury was left with the
impression that counsel would blow smoke in order to confuse the
jury. But this did not affect defense counsel, it was actually
harming Petitioner, for the jury not to believe what counsel said.
This rendering the trial unfair.

G. GROUND SEVEN: Petitioner was denied the effective assistance of
trial counsel, rendering the trial unfair. Denying Petitioner's
United States Constitutional Sixth and Fourteenth Amendment.
SUPPORTING FACTS: It is obvious that counsel was not prepared for
 the trial. Counsel filed motion that he had no desire to prevail

(p.8a of 2254/Form)                    (O.JPerez,2004)

on. Counsel informed to the jury that the evidence must come from
the stand, and nil to elicit anything from the state witnesses.
Every assumed strategy from the defense was thrown in counsel's
face by the state during the final argument, concerning hsi lack
of examination, which would not prejudice the defense counsel,but
would prejudice Petitioner, furthermore, the trial court was com-
pelled to get on counsel for his unreasonabel tactics. Counsel did
not attempt to rehabilitate the three venire members that were
excluded for cause, as if counsel had no zeal. Counsel did not
attempt to reveal whether the lighting was adequate in order for
the witnesses to view Petitioner, or whether the witnesses were
  intoxicated during the time prior to and after the events. Counsel
discredited Petitoner's sister in law Sandra Perez, if counsel
was not going to fully inquiry into the facts of the witnesses
conversating, then counsel should not have even attacked the issue.
Ccunsel did not pursue the motion to quash, which had abandunt merit,
had it not, then the trial court would not have excluded reckless
from the court charge. When counsel decided to defer the cross-
examination, that was not the problem, the problem was that counsel
had no strategy as to questioning the witnesses, and it did not
prejudice counsel, it prejudice Petitioner, when the prosecutor
informed the jury that counsel only asked one or two queries, it
was attacking Petitioner. The state even said that the queries
asked by counsel did not make any sense, this counsel was not in
the right state of mind. Petitioner has further complained that
counsel's wife was going through a trial or was being charged with
an offense. Which had barring on his representation. Counsel was
physically in the courtroom, but mentally was not there. Therefore,
counsel was ineffective and his performance rendered the trial
in total unfairness.(See Memo.pg.19-29).
<u>H.</u> <u>GROUND EIGHT</u>: Petitioner was denied the effective assitance of
appellate counsel,denial of the due process of law due course of
law of the United States Constitutional Sixth and Fourteenth
Amendment.

<u>SUPPORTING FACTS</u>: Counsel according to the matter of law, is not

obligated to riase all claims, however, the Antiterrorism Act
has provided only one year to file in the federal jurisdiction.
Appellate counsel is only obligated to raise two or three claims,
but not all claims. If counsel does not raise claims that had
merit, then the court of criminal appeals will contend that the
claims should have been raised on direct appeal. However, the
federal court has claimed that every Petitioner must raise all
claims. In the instant case appellate counsel did not raise the
foregoing claims on direct appeal, which obviously could be found
within the record, the habeas court did not conduct an evidentiary
hearing. Further, because counsel did not raise on appeal this
is an impedement to meet the AEDPA. Prejudicing Petitioner's
opportunity to meet the AEDPA. Thsi matter must be resolved by
the federal court, because there is ample conflict of interest,
that has an effect on the public's interest.(Memo.,pg.29)
I. GROUND NINE: The trial court abused its discretion in admitting
before the jury the identification of the Petitioner by Melba
Murillo. The evidence showed that the photographic lineup contian-
ing only one güero ligth skinned man and five morenos coffee-
colored men translation in the evidence give rise to a very substan-
tial likelihood of irreparable misidentifcation.
SUPPORTING FACTS: There was evidence that the initial contact
area was dark, and that there were lights at the baseball field.
No one person identified Petitioner as the person to have been
driving the vehicle at the time of the offense. There was no evidence
that the vehicle was the white Marquis driven by Petitioner on that
same day. Therefore, the photo-array showed five dark skinned
Hispanics, while the only photo that showed an individual sort of
güero (light skinned) was Petitioner, this it would be reasonably
that the witnesses would select the white complected photo. The
state or defense did not provide what these witnesses provided at
or during the police investigation. What was there identification
of Petitioner or the culprit. It was an err Melba was not credible
she could not identify Petitioner at the trial, therefore, he
testimony concerning the photo lineup was unreliable. This it was

(p.8c of 2254/Form)                    (O.J.Perez,2004)

clearly the light complextion guy that was the culprit, why did
the officer not place another white complextion individual?(See
Memo.pg.30-33)

J. GROUND TEN: The evidence was insufficient there was no evidence
that Petitioner acted knowingly; no evidence that Petitioner acted
intentionally; there was no evidence that Petitioner knew the intent
of the shooter; no evidence that Petitioner knowing the intent of
the shooter, nor that Petitioner acted with intent to aid the
shooter.

SUPPORTING FACTS: There was no identificaiton that Petitioner was
the driver of the vehicle at the time of the offense. The only
evidence that was revealed is that Petitioner was at the Morning-
side park on this day, and that he was driving a white Marquis.
There is no evidence that Petitioner encourage the shooter to
shoot prior to the incident or even a fact that Petitioner was
with the individuals that shot at the truck. Petitioner was charged
as a party to the offense. There is nil to that fact that Petitioner
provided a weapon to the culprit. Thsi conviction was based on
inference on inference. There is no evidence that Petitioner must
or knew what the shooter would do. Petitioner could not have been
convicted for simply being at the park that day.(Memo.pg.33-35).

K. GROUND ELEVEN: Requiring a co-defendant to claim the privilege
against self incrimination in front of the jury.

SUPPORTING FACTS: The trial court placed the co-defendant, in front
of the jury only to provide the jury with inflammatory prejudice
evidence that outweighed the fairness of the trial. That was the
only motive of the state. Petitioner is not able to control the
codefendant's decisions. This simply rendered the trial unfair.
The state knew what the codefendant would do, and it did not aid
any of the elements that had to be proved, it only tainted the
trials outcome.(Memo.pg.35)

L. GROUND TWELVE: The juror felon, the Texas Code of Criminal
Procedure violates Article I,section 10 of the Texas Constition.

SUPPORTING FACTS: The state simply will implement constitutions
that it will not adhere to its qwn laws.(Memo.pg.36-39).

(p.8d of 2254/Form)            (O.J.Perez,2004)

23.    Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐    Yes        ☑    No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *May 28, 2004* (month, date, year).

Executed on *May 28, 2004* (date).

*Orlando Pine3*
Signature of Petitioner (required)

Petitioner's current address: *Orlando Pine3 # 756730, B. Clements, 9601 Spun 591, Amarillo, Tx — 79107 —*

-9-



Ms.Karen Mitchell,Clerk
USDC-Northern Dist.,Amarillo Div.
205 E. 5th,Room 133
Amarillo,TX 79101

DATE: 5-28-04

RE: PEREZ V DRETKE, NO NUMBER AT THIS TIME;
    TR.CT.NO. 96-CR-521-D

Dear Clerk:

Please fidn enclosed one original and two copies of the Federal
Application for writ of habeas corpus by state prisoner to be
provided with cause number, and be filed.

I am enclosing a cover letter for the court's file mark and to
be returned for my personal file.

Thanks for the cooperation within the matter.

Sincerely submitted,

Orlando J.Perez
TDCJ # 756730
Bill Clements Unit
9601 Spur 591
Amarillo,TX 79107-9606
Petitioner pro-se

OR/or
CC: file.
enc: 1-orig of instrument.
     1-copy of instrument.
     1-copy of the instant cover letter.

(Pg.1 of 1)

Ms.Karen Mitchell,Clerk
USDC-Northern Dist.,Amarillo Div.
205 E. 5th,Room 133
Amarillo,TX 79101                DATE: 5-28-04

RE: PEREZ V DRETKE, NO NUMBER AT THIS TIME;
    TR.CT.NO. 96-CR-521-D

Dear Clerk:

Please fidn enclosed one original and two copies of the Federal
Application for writ of habeas corpus by state prisoner to be
provided with cause number, and be filed.

I am enclosing a cover letter for the court's file mark and to
be returned for my personal file.

Thanks for the cooperation within the matter.

Sincerely submitted,


Orlando J.Perez
TDCJ # 756730
Bill Clements Unit
9601 Spur 591
Amarillo,TX 79107-9606
Petitioner pro-se




OR/or
CC: file.
enc: 1-orig of instrument.
     1-copy of instrument.
     1-copy of the instant cover letter.




                    (Pg.1 of 1)