IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ORLANDO JAVIER PEREZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-114 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT DRETKE'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Petitioner Orlando Javier Perez was properly convicted on November 25, 1996, of aggravated assault. He now challenges this conviction alleging a violation of the Texas Constitution, prosecutorial misconduct, trial court error, insufficient evidence, and ineffective assistance of trial and appellate counsel. However, Perez's federal habeas corpus petition must be dismissed because it is barred by the statute of limitations under the AEDPA.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254 (West 2004). As discussed below, the Director has custody of Perez pursuant to the judgment and sentence from the 103rd District Court of Cameron County, Texas. *Ex parte Perez*, Application No. 57,518-02, at 72-75. Furthermore, the Director had custody of Perez pursuant to this conviction at the time that he filed his federal petition for writ of habeas corpus. 28 U.S.C. § 2254; Fed. Writ Pet. at 1, 9; *see also Carafas v. Lavallee*, 391 U.S. 234, 238-40 (1968).

### DENIAL

The Director denies each allegation of fact made by Perez, except those supported by the record and those specifically admitted herein.

### STATEMENT OF THE CASE

The Director has lawful custody of Perez pursuant to the judgment and sentence from the

103rd Judicial District Court of Cameron County, Texas, in cause number 96-CR-521-D, styled *The State of Texas vs. Orlando Javier Perez. Ex parte Perez*, No. 57,518-02, at 72-75. Perez was charged by indictment with the felony offense of aggravated assault. *Id.* at 63-64. Perez pleaded not guilty; however, a jury found Perez guilty. *Id.* at 72-75. On November 22, 1996, Perez was sentenced to fifteen years imprisonment. *Id.*

In a published opinion, Perez's conviction was reversed and his cause was remanded for a new trial on July 16, 1998. *Perez v. State*, 973 S.W.2d 759 (Tex. App. – Corpus Christi 1998). On August 24, 1998, the State filed a petition for discretionary review ("PDR"), and the Texas Court of Criminal Appeals subsequently reversed the decision of the Thirteenth Court of Appeals, and remanded the cause to that court for proceedings consistent with its opinion. *Perez v. State*, 11 S.W.3d 218 (Tex. Crim. App. 2000). In a published opinion, Perez's conviction was affirmed on January 11, 2001, by the Thirteenth Court of Appeals. *Perez v. State*, 41 S.W.3d 712 (Tex. App. – Corpus Christi 2001). On January 29, 2001, Perez filed a motion for rehearing en banc, which was overruled on March 8, 2001. "Motion for Rehearing En Banc"; Exhibit A. Perez did not a file a petition for discretionary review ("PDR"). Exhibit B.[1] On November 13, 2002, Perez filed his first state writ petition challenging this conviction, which on May 19, 2004, was denied without written order based on the findings of the trial court without a hearing. *Ex parte Perez*, No. 57,518-02, at cover, 1-51. On May 28, 2004, Perez filed the instant petition for writ of habeas corpus with this court.[2] Fed. Writ Pet. at 9. This proceeding followed.

---

[1] A copy of a records affidavit from Troy C. Bennet, Jr., Clerk of the Court of Criminal Appeals, stating that "our records do not indicate than an Appellant's petition for discretionary review has been filed in this cause" has been attached hereto as "Exhibit B."

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system). The instant petition could not have been "filed" sooner than May 28, 2004, the date Perez certified that he placed it in the prison mailing system. Fed. Writ Pet. at 9.

## PETITIONER'S ALLEGATIONS

The Director understands Perez's claims to be as follows:

1.  Perez was denied his rights under the Texas Constitution, Article I, Section 10 and 15, when juror Jesus Garcia failed to reveal information regarding his felony conviction;

2.  Perez was denied due process when the state refused to follow its own constitution;

3.  Prosecutorial misconduct;

4.  Trial court error;

5.  Insufficient evidence; and

6.  Perez was denied the effective assistance of trial and appellate counsel.

Fed. Writ Pet. at 7-8(d); Attached Memo at 7-39.

## STATE COURT RECORDS

The Director is simultaneously forwarding to the court under separate cover letter copies of Perez's state appellate records and state writ petition.

## EXHAUSTION OF STATE REMEDIES

At this time, resolution of the exhaustion requirement is not necessary pending the court's resolution of the instant motion to dismiss as time-barred.[3] However, should this court find that Perez's claims are not time-barred, the Director reserves the right to address whether Perez has exhausted his state court remedies, and whether they are procedurally barred.

---

[3] "An application for writ of habeas corpus may be denied on the merits, not withstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (2003).

**RESPONDENT DRETKE'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

**I.    Perez's federal writ petition is barred by the statute of limitations embodied in the AEDPA.**

**A.    Standard of Review**

Perez filed his federal petition on May 28, 2004. Fed. Writ Pet. at 9. Therefore, this petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ( the "AEDPA"). *See* 28 U.S.C.A. § 2244 and 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those habeas corpus cases filed after its effective date of April 24, 1996); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (holding "the AEDPA amendments to chapter 153 of Title 28 apply to cases where a petition for habeas corpus is filed on or after April 24, 1996.").

As it relates to Perez's allegation for federal habeas corpus relief, Section 2244 of the AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2004).

### B.    Perez's claims are barred by the statute of limitations embodied in the AEDPA.

The court must dismiss this action with prejudice because Perez failed to file his federal writ petition within the statute of limitations provided in § 2244(d) of the AEDPA. As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Perez from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B) (2004). Also, Perez's claim does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C) (2004). Finally, Perez has not shown that he could have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D) (2004). Accordingly, the date the limitations period began to run in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Following Perez's conviction on November 25, 1996, for aggravated assault, Perez appealed to the Thirteenth Court of Appeals of Texas, and his conviction was reversed and his cause was remanded for a new trial. *Perez v. State*, 973 S.W.2d at 762. On August 24, 1998, the State filed a petition for discretionary review ("PDR"), and the Texas Court of Criminal Appeals subsequently reversed the decision of the Thirteenth Court of Appeals, and remanded the cause to that court for proceedings consistent with its opinion. *Perez v. State*, 11 S.W.3d at 221. In a published opinion, Perez's conviction was affirmed on January 11, 2001, by the Thirteenth Court of Appeals. *Perez v. State*, 41 S.W.3d at 721. Eighteen days later, on January 29, 2001, Perez filed a motion for rehearing en banc, which was overruled on March 8, 2001. "Motion for Rehearing En Banc"; Exhibit B. Perez did not a file a petition for discretionary review ("PDR"). Exhibit A. Because it appears that

Perez's motion for rehearing was not timely filed, the date this motion for rehearing was overruled should not determine when Martinez's conviction became final.[4] *See* TEX. R. APP. P. 49.1 (providing that a motion for rehearing may be filed within fifteen days after the court of appeals' judgment or order is rendered); TEX. R. APP. P. 68.2(A) ("[t]he petition must be filed within 30 days after . . . the last *timely* motion for rehearing was overruled by the court of appeals.") (emphasis added). Therefore, Perez's conviction became final on February 12, 2001, when the time for filing a petition for discretionary review with the Texas Court of Criminal Appeals had expired. *See* TEX. R. APP. P. 68.2(A) ("[t]he petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."); TEX. R. APP. P. 4.1(A). Consequently, the one-year limitation period for filing a federal petition began no later than February 12, 2001.

Perez filed his first state writ petition challenging his aggravated assault conviction on November 13, 2002. *Ex parte Perez*, No. 57,518-02, at 1-51. However, because Perez waited approximately one year and nine months after his conviction became final before he filed for relief, the statute of limitations period had already expired by the time he filed his state writ petition, and as a result, this petition has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Consequently, when Perez filed his federal writ petition with this court on May 28, 2004, he did so over two years too late. Fed. Writ Pet. at 9. Thus, his petition must be dismissed as time-barred.

Any claims for equitable tolling should also be denied. The statute of limitations in the AEDPA can be tolled in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

---

[4] However, for the sake of argument, even if this court were to use the date Martinez's motion for rehearing was overruled, his federal writ petition would remain time-barred by over two years.

action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489-90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Nothing in the record suggests the state misled Perez. Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Perez has failed to diligently pursue such relief because it appears he waited approximately one years and nine months before pursuing state habeas relief. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Furthermore, any claim that Perez was prevented from filing a PDR would not serve to toll the statute of limitations. *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000) ("[a] criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA statute of limitations."). Additionally, while a defendant has the right to the effective assistance of counsel on appeal, he does not have a right to notification of the outcome of the appeal. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002) ("[t]he constitutionally secured right to counsel ends when the decision by the appellate court is entered"); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th. Cir. 2002) ("mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"). Furthermore, the record demonstrates that Perez was properly advised of his right to file a PDR. *Ex parte Perez*, No. 57,518-02, at 55-56; Supplemental Clerk's Record, at 1-14.

Finally, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher*, 174 F.3d at 714; *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's *pro se* status nor ignorance

of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause). As a result, the Director requests that Perez's federal writ petition be dismissed with prejudice because it is barred by the statute of limitations embodied in the AEDPA.

## CONCLUSION

For all of the foregoing reasons, the Director respectfully requests that Perez's petition for writ of habeas corpus be dismissed with prejudice as time-barred, or in the alternative, dismissed without prejudice as unexhausted.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General for
Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

ELIZABETH A. GOETTERT*
Assistant Attorney General
State Bar No. 24036646
Southern ID No. 34301

*Attorney in Charge

8

P.O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

TO:    Petitioner, Orlando Javier Perez, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

ELIZABETH A. GOETTERT
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Elizabeth A. Goettert, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Dretke's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 19th day of October, 2004, addressed to: Orlando Javier Perez, TDCJ-ID No. 756730, Clements Unit, 9601 Spur 591, Amarillo, TX 79107.

ELIZABETH A. GOETTERT
Assistant Attorney General

9