IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ORLANDO JAVIER PEREZ, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-114 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Petition for Writ of Habeas Corpus (Docket No. 1) filed by *pro se* petitioner, Orlando Javier Perez (hereinafter "Perez"), on May 28, 2004, pursuant to 28 U.S.C §2254. Respondent, Doug Dretke (hereinafter "Director") filed a Motion for Summary Judgment (Docket No. 4) on October 20, 2004. For the reasons that follow, the Magistrate Judge recommends to the District Judge that the Director's Motion for Summary Judgment (Docket No. 4) be **GRANTED** and Perez's habeas petition (Docket No.1) be **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On November 25, 1996, a jury found Perez guilty of the felony offense of aggravated assault in the 103rd Judicial District Court of Cameron County, Texas. He was sentenced to fifteen years imprisonment following his conviction. Perez appealed his conviction which was reversed and remanded for a new trial on July 16, 1998 by the Thirteenth Court of Appeals.[1] Thereafter, the State filed a petition for discretionary review (hereinafter "PDR") on August 24, 1998. The Texas Court

---

[1] *Perez v. State*, 973 S.W.2d 759, 762 (Tex.App.- Corpus Christi 1998).

1

of Criminal Appeals reversed the Thirteenth Court of Appeals decision and affirmed Perez's conviction on January 11, 2001.[2] Perez then filed an application for a Motion for Rehearing En Banc (Exhibit A) on January 29, 2001, which was overruled on March 8, 2001[3]. (Exhibit B).

Perez's next step would have been to file a PDR within thirty days from January 11, 2001 with the Court of Criminal Appeals. *See* TEX. R. APP.P.68.2(A) ("[t]he petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.");TEX. R. APP. P 4.1(A). He did not do this. It was not until November 13, 2002 that Perez filed a state writ petition[4]. The application was denied on May 19, 2004. Perez then filed this action in federal court on May 28, 2004.

## PEREZ'S PETITION IS TIME-BARRED UNDER AEDPA

Perez's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA")[5]. The AEDPA statute of limitations applies to all habeas petitions filed after the Act's effective date, April 24, 1996. *Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999). The AEDPA applies to this case because Perez filed his federal habeas petition on May 28, 2004. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). The AEDPA provides a one year period for filing federal petitions by persons in custody pursuant to judgment of a state court.[6]

---

[2] *Perez v. State*, 41 S.W.3d at 721.

[3] The court takes notice that the Motion for Rehearing was untimely.

[4] *Ex parte Perez*, No. 57, 518-02, at 1-51.

[5] *See* 28 U.S.C §2244 and 2254.

[6] 28 U.S.C §2244(d) provides as follows:
    (d)(1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
        (A) the date on which the judgment became final by the conclusion of direct review or the

Although Perez filed a Motion for Rehearing, this petition was untimely since it was filed 18 days after the court of appeals' judgment was rendered.[7] A motion for rehearing must be filed within fifteen days after the court of appeals' judgment or order is rendered. *See* TEX. R. APP. P. 49.1. Perez received a letter from his attorney stating that the motion for rehearing must be filed within 15 days after the court of appeals' judgment or order [was] rendered. (Exhibit B). Furthermore, since Perez's conviction was affirmed by the Thirteenth Court of Appeals on January 11, 2001, his PDR would have been filed no later than February 12, 2001. TEX. R. APP. P. 68.2(A)("[p]etition must be filed within 30 days after the last timely motion for rehearing was overruled by the court of appeals.").

In Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). In *Roberts*, the petitioner's judgment became final when the time ran for him to file a PDR. *Id.* at 693. The Fifth Circuit held that state conviction becomes final for

---

> expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

[7] "Motion for Rehearing *En Banc*"; Exhibit A.

3

limitations purposes when the time for seeking further direct review expires, regardless of when a mandate issues. *Id.* As previously outlined, Perez's conviction was affirmed on January 11, 2001, and he had thirty days from that date to file a PDR with the Court of Criminal Appeals.[8] Since Perez did not file a PDR, his conviction became final on February 12, 2001. *See* 28 U.S.C §2254(d)(1)(A). Therefore, the AEDPA limitations period started to run on February 12, 2001, the date Perez's conviction became final. 28 U.S.C §2254(d)(1)(A).

Perez had one year from February 12, 2001, to file an application for relief. *Smith v. Ward*, 209 F.3d 383, 384 (5th Cir. 2000). Perez filed for relief after the one year limitations period. This petition is untimely under §2244(d).

## EQUITABLE TOLLING DOES NOT APPLY

The one-year limitations period in §2244(d)(1) is not a jurisdictional bar and can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). However, equitable tolling is permitted only in "rare and exceptional circumstances. *Id.* at 811. The doctrine is not applied where a petitioner has failed to pursue habeas relief diligently. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Perez has done nothing to establish the "rare and exceptional circumstances" for equitably tolling the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). There is no reason that would have prevented Perez from filing his petition during the applicable limitations period.

---

[8] February 12, 2001 is the expiration of the thirty days in which time Perez could have sought review from the Texas Court of Criminal Appeals. TEX. R. APP. PROC. 68.2(A).

Although Perez was advised of his right to file a petition for discretionary review,[9] he did not diligently pursue it. (Exhibit B). Moreover, Perez has not alleged any basis for tolling the limitations period on equitable grounds. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

Perez does not qualify for equitable tolling.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court **GRANT** Director's Motion for Summary Judgment (Docket No. 4). It is further **RECOMMENDED** that Perez's Motion for Writ of Habeas Corpus (Docket No. 1) be **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 4th day of November, 2004.

_____
John Wm. Black
United States Magistrate Judge

---

[9] *Ex Parte Perez*, No. 57,518-02, at 55-56.