Case 1:04-cv-00114   Document 6   Filed in TXSD on 11/08/2004   Page 1 of 7

United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ORLANDO JAVIER PEREZ, §
        Petitioner §
 §
Vs. §   CIVIL ACTION NO. B-04-114
 §
DOUG DRETKE, DIRECTOR §
TDCJ-ID, §
        Respondent. §
 §

PETITIONER PEREZ'S REPLY TO RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner Perez, hereinafter Perez, received the Respondent's Motion For Summary Judgment on October 22,2004 (Friday).

      STATE'S CLAIM

The Respondent's claim that Petitioner Perez is time barred, because did not meet the Antiterrorism Effective Death Penalty Act deadline, and that Perez is not entitled to equitable tolling. In fact Respondent contends that Perez was not diligent. And that Perez slept on his rights, citing case law. Petitioner futher contend that any claim that Petitioner makes regarding, that he may have been prevented from filing a petition for discretionary review would not serve to toll the statute of limitations, citing case law. And that a defendant does not have a right to notification of the outcome of that appeal, again citing case law.

      PEREZ'S REPLY

Perez, does not oppose the case law cited by the Respondent,

(Reply,2254,pg.1)                       (O.Perez,2004)

however, those case law cited by Respondent is not akin to the instant case. The State of Texas has case law that Perez relied upon, i.e., Texas Rule of Appellate Procedure Rule 48.1(d); and Ex parte Wilson, 956 SW2d 25, 26-27 (Tex.Ct.Crim.App.1997)(appellate attorney has the obligation to tell his client that his conviction has been denied and he can pursue petition for discretionary review). Perez was misled by this standard, and case law, which apparently impeded his ability to seek further review in haste. Perez has been diligent! Perez is a perfect candidate for the equitable tolling.

### EQUITABLE TOLLING

In Davis v Johnson, 158 F3d 806 (5th Cir.1998), the court held that AEDPA's filing provision is not jurisdictional, instead it is a statute of limitation that, like all limitations statutes could be equitable tolled. Id at 811. Also see Cantu-Tzin v Johnson, 162 F3d 295, 299 (5th Cir.1998). Such decision to equitable toll the statute of limitation is left to the district court's discretion. The court must be cautions not to apply the statute of limitation too harshly. Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty. Lonchar v Thomas, 517 US 314, 324 (1996). A court can allow an untimely petition to proceed under the doctrine of equitable tolling in extraordinary circumstances. Davis v Johnson, 158 F3d at 810. Further, the district court must examine each case on its facts to determine whether

(Reply, 2254, pg.2)                                    (O.Perez, 2004)

it presents sufficiently rare and exceptional circumstances to justify equitable tolling. Id at 811. Equitable tolling is appropraite under AEDPA if extraordinary circumstances beyond a prisoners control makes it impossible to file a petition on time. Calderon v United States Dist.Ct.,163 F3d 530,541(9th Cir. 1998). When the Petitioner has in some extraordinary way been prevented in investigating and bringing the claims. Miller v New Jersey State Dep't of Corrections,145 F3d 616,618-19(3rd Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Rashidi v American President Lines,96 F3d 124,127(5th Cir.1996).

Perez has asserted that the state law, is the cause that impeded Perez ability to seek his rights in a meaningful manner. In Texas, the Court of Criminal Appeals has held that appellate counsel must notify his client that his conviction has been affirmed and that he can pursue petition for discretionary review. See Shiloh-Bryant v Director, TDCJ-ID,104 F.Supp.2d 696,697(E.D. Tex.2000); citing Ex parte Wilson,supra at 25; Ex parte Jarrett, 891 SW2d 935(Tex.Ct.App.1994). Not only did this impede Perez to seek the rights he is entitled, but also it is the vital issue that misled the petitioner. Petition will not fib to the Honorable court, he had knowledge concerning the AEDPA, but the Petitioner relied on state law, the Jarrett and Wilson, as well as the Texas Rule of Appellate procedure misled Perez.

(Reply,2254,pg.3)                                              (O.Perez,2004)

Perez submits that he was diligent, in fact the court should assay the Respondent's exhibit A, pg. 3 of 4, this evincing that Perez, did correspond with the court, as well as mailing the court of appeal (Thirteenth Court of Appeal of Texas) a copy of a letter written to appellate counsel in order to acquire any information concerning the appeal, to enable Perez to invoke the Texas right to file a petition for review, does not mean that the court will address that petition for review, however, Perez had knowledge that counsel would and should inform him of the outcome of the appeal, and that Perez would be entitled to file the petition for review. See Shiloh-Bryant v Director, TDCJ-ID, 104 F.Supp.2d at 702 (Consequently, in light of Evitts, it is clear that the Petitioner had a federal right to effective assistance of counsel on appeal to the extent that a right to appeal was provided by the state law, and it is equally clear that at the time the Petitioner's conviction became final he had a right to be informed about the right to file for petition for review and to be told about that right by his appellate attorney. He was not entitled to have his case heard on petition for review or have an attorney. He had a right to at least file for petition for review and be told that right by his attorney.).

Perez never received any feedback from the court of appellate counsel. Perez constantly wrote to counsel requesting for information, and was never provided with any claim of what the appeals status was. Perez was diligent and did not sleep on his rights. Perez not only had a right to file petition for review, but also

(Reply, 2254, pg. 4)                                              (O. Perez, 2004)

other motions, writs, that would require the court to adhere to their own law. See Reply exhibit #1, this evincing to the court that Perez did diligently attempt to acquire information concerning the case. And the court must infer through Reply exhibit #2, that the Texas Thirteenth Court of Appeals, will only mail a copy of any determination to appellate counsel. Exhibit #2, is a copy of the first appeal that was taken concerning the case at hand. Perez is well aware that he has no right to counsel for a petition for review, but there is a right to effective assistance of counsel when state law provides for appeals as of right. See Ross v Moffitt,417 US 600,469,94 SCt 2437, also see Shiloh-Bryant v Director TDCJ-ID,104 F.Supp.2d at 703. The focus on this case must be on the appellate rights provided by state law at the time the Thirteenth Court of Appeals affirmed Perez's conviction.

The case citation by the Respondent are not akin to Perez's claim. Moore v Cockrell,313 F3d 880(5th Cir.2002), the Moore court does not focus on the time bar issue. The Moore court focus on the AEDPA's standard that was not applied to determine the outcome of Moore's writ,i.e., the state court's decision must be upheld unless it is contrary to or involved an unreasonable application of federal law. Id at 881. Therefore, Moore did not address the scenerio provided to this court by Perez in order to be entitled to equitable tolling. Again, the Respondent cite Molo v Johnson, 207 F3d 773(5th Cir.2000), this case not akin to Perez's request for equitable tolling. In fact Respondent cite Molo to evince

that Perez has a right to effective assistance of counsel on direct appeal, and that a violation of effective assistance on direct appeal does not toll the AEDPA. Molo is not addressing the state law requisite, i.e., right to atleast file for petition for review and be told that right by his attorney. <u>Shiloh-Bryant v Director TDCJ-ID</u>, 104 F.Supp.2d at 702. The focus on this case must be the rights provided by state law at the time the court of appeals for the Thirteenth court of appeals affirmed. And this court must adhere to the state court law, and provide the comity. The Eastern District of Texas, Federal assayed the Texas Court of Criminal Appeals holding concerning the basic principles in <u>Ex parte Jarrett</u>, supra. Therefore, Molo is not arguing the identical point as Perez.

Perez is entitled to equitable tolling! This case is rare and an exceptional circumstance. Perez, waited, and waited, wrote the clerks of the courts that have germane to the case, and even wrote counsel Larry Warner to acquire information. It was not until the middle of 2002 that Perez ran into the case cited in the law book, but that still left in suspence the outcome of the motion for rehearing. Furthermore, Perez, on July 24, 2001, received a letter from Larry Warner (see Reply Exhibit #3), this document also leaving the impression that counsel still did not know whether the appellate process was completed. Further, till this date Perez's opinion or final determination of the appeal, or motion have not been provided to Petitioner.

This court must assay the fact's of this case to determine

whether Perez is entitled to equitable tolling.

## CONCLUSION

Perez is entitled to equitable tolling, and this court must permit the appeal to proceed further, to enable Perez to aquire relief.

Respectfully submitted,

x *[signature: Orlando Perez]*

Orlando J.Perez #756730
Clements Unit
9601 Spur 591
Amarillo,TX 79107-9606

### CERTIFICATION
I, Orlando J.Perez, do hereby certify under penalty of perjury that the foregoing Reply to Respondent's Motion For Summary Judgment is true and correct.
SIGNED ON THIS OCTOBER 31,2004
x *[signature: Orlando Perez]*
Orlando Perez 756730
Petitioner prose

### CERTIFICATE OF SERVICE
I, Orlando J.Perez, do hereby certify under penalty of perjury declare that a true and correct copy of the foregoing Petitioner Perez's Reply to Respondent's Motion For Summary Judgment has been mailed to Elizabeth A. Goettert, Ass.Att.Gen. P.O. Box 12548, Austin,Texas 78711-2548 on this October 31,2004.
Placed the unit mailbox.
SIGNED ON THIS OCTOBER 31,2004.
x *[signature: Orlando Perez]*
Orlando J.Perez 756730
Petitioner prose