United States District Court
Southern District of Texas
FILED

NOV 17 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORLANDO JAVIER PEREZ,<br>Petitioner | § § § | |
| Vs. | § § | CIVIL ACTION NO. B-04-114 |
| DOUG DRETKE, DIRECTOR OF<br>TDCJ-ID,<br>Respondent. | § § § § | |

OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner Perez, hereinafter, Perez, is filing the foregoing Objection to the Magistrate's Report and Recommendation in good faith, as well as pursuant to the Honorable Magistrate's November 3, 2004 Recommendation to reply within ten days. Perez will show the court the following:

1.) The Honorable Magistrate's Report and Recommendation was filed stamped on November 3, 2004. Perez, did not receive the document until November 10, 2004. According to page 5 of the Report and Recommendation, the Magistrate stated: "A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party,...." Therefore, Perez, is notifying this court that the document regarding the recommendation was not served on Perez until November 10, 2004.

2. According to the Magistrate's assessment of the instruments

(p.1 of Objection to Mag.)                    (O.Perez,2004)

on the docket, the Magistrate had not received Perez's Reply to the Respondent's Motion for summary judgment, as well as the Petitioner's Motion for Discovery. As Perez submits that any document mailed from that court"or"to that court, has taken several days to arrive,and Perez has absolutely no idea why the mail is being impeded. Therefore, in the interest of justice Perez, request that this Honorable Judge review the claims in the instrest of justice. (Reply mailed to the Unit Mail room on October 31,2004).

    3.) Perez, now complains that the Magistrate is referring to exhibits that were not attached to the Report and Recommendation to enable Perez to either concede or refute the exhibit(s)(see page 2,3 & 5;of the Recommendation).

    4.) The Honorable Federal District Judge must review the objection de novo,e.g., <u>Shiloh-Bryant v Director,TDCJ-ID</u>,104 F. Supp.2d 696(E.D.Tex.2000).

SPECIFIC OBJECTIONS

First the Magistrate states that the Thirteenth Court of Appeals affirmed Perez's conviction on January 11,2001. "And that [Perez] then filed an application for a motion for reharing en banc." (citing exhibit A)(However, Perez did not receive any attachments) Perez did not file this Motion for rehearing pro se, in fact Perez persistently wrote Larry Warner informing Warner that he (Perez) had every intention of filing motion for rehearing and as well a petition for discretionary review. (letters lost in first writ that was lost by either the court, or TDCJ Clements Unit

(p.2 of Objection to Mag.)                     (O.Perez,2004)

or in the alternative was intentionally trashed by the clerk of the trial court which was Larry Warner's wife, and was previously convicted for sordid tactic in that court). Because Perez continued to write Warner, as well as the court of appeals (see Respondent's exhibit A,pg.3 of 4)(citing prose letters to the court), requesting information concerning the status of the appeal. Warner in order to misled applicant, and to save himself, intentionally filed the Motion for rehearing en banc late, see the motion for rehearing it should be on file, according to the Respondent's Motion for Summary judgment on page 3, stating that the state appellate and state writ records would be forwarded to this court. Perez request this court to view the date on the motion for rehearing which will cite January 26,2001. (pg.11, off motion for rehearing). And according to the Respondent and the Magistrate the court of appeals affirmed Perez's conviction on January 11,2001. Therefore, an experianced counsel would have personal knowledge that a motion for rehearing would be time barred if filed or should I state mailed through regular mail on the 26th of January 2001. Therefore, the Magistrate clearly can infer that Perez was misled, and that Perez, was diligent in attempting to find out the status of the case, to enable him to file a PDR. And that Perez did not file this motion pro se. The Magistrate further alleges that Perez received a letter from his attorney, which would be Larry Warner stating that the motion for rehearing must be filed within 15 days after the court of appeals judgment or order was rendered. (citing exhibit B)

(p.3 of Objection to Mag.)                                  (O.Perez,2004)

(see Report and Recommendation pg.3)(hereinafter, Rep/Rec). But does not cite any date, nor does Perez have any copy of the exhibit cited by the Magistrate. However, the query that Perez has is, why would counsel inform Perez concerning the motion for rehearing if counsel has already filed the motion, something is certainly amiss. In fact the court and the state court have provided the appellate counsel Larry Warner with credibility when none of the germane exhibits cited by Warner in his affidavit cite any date, e.g., exhibit A, this exhibit could have been provided or not provided to Perez, however, it also could have been provided back in 1996, which would not have been adequite for the requisite counsel's obligation to tell his client that his conviction has been affirmed and that the client can pursue PDR on his own. See Shiloh-Bryant v Director,TDCJ-ID,104 F.Supp. 2d at 703. Therefore, Perez is requesting that the court not provide that credibility when there is no date cited on the exhibits. And that the court infer that Perez relied on state law which holds that an appellate counsel has an obligation to tell his client that his conviction has been affirmed.... Id. And Perez relied on Tex.R.App.Proc.,rule 48.1(d) which is that the appellate clerk must notify all parties of the decision, and if the court has the record of the court of appeals it will see that the January 11,2001 affirmation was not mailed to Perez, however, it was mailed to Larry Warner, and again the identical issue occurred in the March 8,2001. The court never informed Perez about the outcome of the appeals decisions on any matter.

(p.4 of Objection of Mag.)                    (O.Perez,2004)

And Perez relied on state law, however, Warner never did adhere to state law, which misled, and thwarted Perez's ability to proceed in a timely manner.

Perez is not arguing about the time limitation of the state appeal process, however, Perez is complaining that its the state law that has misled Perez, and impeded his ability to proceed, in a manner that would enable him to met all deadlines. Perez is not complaining that the judgment did not beomce final when the time for filing the PDR lapses, as the Magistrate citing Robert v Cockrell,319 F3d 690(5th Cir.2003). In fact Perez conceding. But the focus on this case is that Perez was misled, and impeded by the state law, because appellate counsel never mailed a copy of the decision, nor informed Perez of any decision that was rendered in 2001, nor did the Thirteenth court of appeals apprise Perez of any decision that was rendered in 2001 pursuant to state law,see Tex.R.App.Proc. rule 48.1(d). And the court can assay the appellate record to find out who was actually apprised. Which will be Warner. According to Shiloh-Bryant v Director, TDCJ-ID,104 F.Supp.2d at 702, that court stated that the petitioner had a right to at least file for PDR and told that right. Id. The Magistrate focused on the awry issue, and relied on documents that were not dated, if those are the documents relied by the Magistrate because Perez never received any copy.

The Magistrate further indicated that Perez was not diligent, Perez points out that Respondent's exhibit A in the summary judgment will evince that Perez wrote the court three times, and if

the court really wanted to find out the core issue of this matter the facts that would grant the equitable tolling, the court would grant the motion for discovery, in order to compell Warner to produce the file of Perez in his office. Perez wrote the trial court, as well as Larry Warner consistently, and whether him and his wife trashed the evidence, then there is nil that we are feasible in doing. Because his wife was the one working at the court house, and was convicted, which would be the one that could have possibly trashed Perez's first writ which held all the copies that were mailed to Warner.

Therefore, this court must assay whether the state law, and state rules misled Perez, and whether it is adequite for equitable tolling. Because Perez has been persistent, and has not slept on his rights. The Magistrate states that there was no reason that prevented Perez from filing his petition. However, Perez must adhere to state law, just as state must also adhere to its own laws. As Perez has indicated that he was misled, the affidavit submitted in the state Habeas corpus by Larry Warner, the exhibit B, cites July 24,2001. This document that can easily be inferred that the court of appeals had not affirmed the conviction, because it states: "If the court of appeals affirmed your conviction on direct appeal, ...." Applying the term "if". Certainly a lay person would think that the case had not yet been affirmed after reading this letter from counsel that was the counsel of record on appeal. And after this Perez continued to write Warner. Requesting the status of the case. And if the Magistrate is using this exhibit in order to determine that counsel notified

(p.6 of Objection to Mag.)                                    (O.Perez,2004)

Perez concerning the outcome of the appeal and that Perez had a right to file PDR. Well, would this not be clearly way out of time, when the case was affirmed on January 11,2001, then the motion for rehearing en banc denied on March 8,2001, and this letter dated July 24,2001. Perez, was really misled, and relied on state law in order to effectively.

Perez will submit the affidavit filed herein. Perez request that the Honorable District Judge assay all facts that are amiss and infer that Perez is entitled to equitable tolling. And allow the case to be heard. The state court relied on these same documents that have no dates, and that either were dated and provided to Perez after the remedies were already time elapsed. Perez request that this District judge permit equitable tolling. And if necessary to permit discovery. All the time that should be tolled is when Perez was not apprised of anything concerning the appeal, to enable Perez to proceed with further remedies.

Sincerely submitted,

X Orlando Perez

Orlando J. Perez #756730
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606
November 11, 2004
DATE: 11-11-04

## CERTIFICATION

I, Orlando J. Perez do hereby certify and declare under penalty of perjury that the foregoing is true and correct, i.e., Objection to Magistrate Judge's Report and recommendation.

SIGNED ON THIS NOV. 11, 2004.

*Orlando Perez*

Orlando J. Perez #756730
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606
Petitioner prose

## CERTIFICATE OF SERVICE

I, Orlando J. Perez, do hereby certify and declare under penalty of perjury that a true and correct copy of the Objection to Magistrate Judge's report and recommendation has been mailed to Ms. Elizabeth A. Goettert, Ass.Att.Gen., P.O. Box 12548, Austin, TX 78711-2548 on this Nov. 11, 2004.

SIGNED ON THIS NOV. 11, 2004.

*Orlando Perez*

Orlando J. Perez #756730
Petitioner pro-se
DATE: 11-11-04

OR/or
CC: file, Respondent.

## AFFIDAVIT

STATE OF TEXAS)
POTTER COUNTY )

I, Orlando J. Perez, amover the age of 21, and sound minded capable of making this declaration.
I am the Petitioner in the case B-04-114, and at this point the Respondent and the Magistrate have alleged that I have not been diligent in pursueing my case. I declare that throughout my state appeal process, I was aware of the appeal deadline, and was aware of the AEDPA, therefore, it was a vital point that I continue to request for information about the status of my appeal. I wrote to counsel Larry Warner several times, and wrote the clerk of the Thirteenth court of appeals. But I was never provided with information that my case had been affirmed, or that the court had denied the motion that was obviosuly filed by Warner. I had persistently notified Warner that it was essential that he notify me about the appeal, and what was the status in order for me to file PDR, as well as file other issues there in state court. In fact Mother helped me obtain the state trial records so that I couldhave provided facts that were in violation of my constitution in the state appeal. But I relied on the state case law, that counsel would notify me so that I could file that PDR. I will not fib and say that I did not know about the PDR 30 day deadline. But it was the state law that misled me and the fact that counsel Warner would not come clean, and then counsel Warner, knowing that the motion for rehearing en banc would be filed late also not notifying me about that outcome. It was simply a huge mess. I had every intention of meeting every deadline. But I waited and waited and even the July 24,2001, letter from Larry Warner misled me, it lead me to believe that the case was not affirmed as of that date. And I swear to this court that I wrote Warner asking him about this letter, and the status of the case, and even notified him about me filing a PDR, as well as having to meet the AEDPA deadline. The state case law Ex parte Jarrett, 891 SW2d 935(Tex.Cr.App.1994) and Ex parte Wilson,956 SW2d 25(Tex.Cr.App.1997) misled me. Cause I relied on that to apply to me. I swear to this court, that I had previously mailed to the trial court a state application writ of habeas corpus that was mailed prior to the one mailed on Nov.13,2002, which had exhibits to reveal that counsel never notified me that the case had been affirmed, or that I had the right to file PDR, at the time of the affirmation. But I can only assume that because Warner's wife worked the trial court clerk building his wife trashed my exhibits. As well as the whole writ, she was convicted in that county for doing something that was in

(p.9 of Objection to Mag.)                              (O.Perez,2004)

## CONTINUED AFFIDAVIT

violation of state law. Therefore, she could have destroyed my evidence in that writ, as well as trashed the writ. I swear that had counsel Warner simply informed me that he wouldnot file PDR and that the case had been affirmed or denied, then I would have without any doubt filed that PDR. And thereafter I would have been entitled to file an additional motion for rehearing according to the Texas Rules of Appellate Procedures. See I knew all of this. But It was counsel and state law that impeded my ability to continue the appeal, as well as misled me. I will also notify the court that an offender by the name of Oscar Ruiz has been helping me and schooling me on the rules, and remedies. So I did not do this all alone. In fact he is the person that showed me those cases I cited above. I also do not know what letter the Magistrate is referring to that counsel informed me about the motion for rehearing being filed within 15 days. So I could not effectively respond to that allegation.

I, Orlando J. Perez, do hereby declare under penalty of perjury that the foregoing affidavit is true and correct.

SINGED ON THIS NOV. 11, 2004.

*Orlando Perez*

Orlando J. Perez,#756730
Clements Unit
9601 Spur 591
Amarillo,TX 79107-9606
DATE: 11-11-04

OR/or
CC: file,Respondent.