United States District Court
Southern District of Texas
ENTERED

DEC 2 2 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ORLANDO JAVIER PEREZ           §
                              §
VS.                           §          CIVIL NO. B-04-114
                              §
DOUGLAS DRETKE                 §

# ORDER

On November 3, 2004, Magistrate Judge John William Black filed a Report and Recommendation [*Docket No. 5*] concerning the Petition for Habeas Corpus filed by Orlando Javier Perez (hereinafter "Perez") pursuant to 28 U.S.C. § 2254 [*Docket No. 1*]. He recommended to this court that Douglas Dretke's (Director of Texas Department of Criminal Justice—Correctional Institutional Division, hereinafter the "Director") Motion for Summary Judgment be granted and that Perez's Petition for Habeas Corpus be dismissed with prejudice. Perez received the Report and Recommendation and timely filed his objections [*Docket No. 9*]. In ruling on these objections, this court included in its consideration not only the objections, but also Perez's Reply to the Director's Motion for Summary Judgment [*Docket No. 6*], which was filed on November 8, 2004, some five days after Magistrate Judge Black's Report and Recommendation.

Having considered the merits of the motion and Perez's response and objections, it is the opinion of this court that the Magistrate's Report and Recommendation should be adopted. This court adopts, therefore, its legal conclusions and holdings and, therefore, grants the Director's Motion for Summary Judgment, denies Perez's Petition for Writ of Habeas Corpus, and dismisses this matter with prejudice.

Nevertheless, while adopting the Report and Recommendation, this court feels it necessary to clarify the facts contained in the Magistrate Judge's opinion and, further, to briefly address Perez's

objections. The chronology of events is crucial because Perez did not meet his deadline for filing his

Habeas Petition. The following represents the salient dates in question:

| | |
|---|---|
| November 25, 1996 | Perez convicted by jury in Texas state court. |
| July 16, 1998 | Conviction reversed and remanded by 13th Court of Appeals sitting in Corpus Christi. |
| August 24, 1998 | State of Texas filed Petition for Discretionary Review with the Texas Court of Criminal Appeals. |
| February 9, 2000 | The Court of Criminal Appeals reverses 13th Court of Appeals' decision and remands the case back to the Corpus Christi appellate court for further proceedings. |
| January 11, 2001 | 13th Court of Appeals affirms conviction. |
| January 29, 2001 | Perez files Motion for Rehearing En Banc with the 13th Court of Appeals. |
| March 8, 2001 | Motion for Rehearing denied by 13th Court of Appeals. |
| November 13, 2002 | Perez files state writ petition. |
| May 19, 2004 | State writ denied by Court of Criminal Appeals. |
| May 28, 2004 | Habeas petition filed in the United States District Court for the Northern District. |
| June 30, 2004 | Case transferred from Northern District of Texas to Brownsville Division of the Southern District of Texas pursuant to 28 U.S.C. § 2241(d). |
| October 20, 2004 | Motion for summary judgment filed by Director. |

Obviously, these dates are important due to the Magistrate Judge's ruling that the Habeas

Petition was not filed within the one-year time period prescribed by 28 U.S.C. § 2244(d), as amended

by the Antiterrorism and Effective Death Penalty Act of 1996 Pub. Law 104-132 (hereinafter

"AEDPA"). The Magistrate Judge correctly notes in his report that the Thirteenth Court of Appeals

sitting in Corpus Christi affirmed Perez's conviction on January 11, 2001. However, earlier it mistates the facts by holding that the Court of Criminal Appeals affirmed Perez's conviction on January 11, 2001. The Court of Criminal Appeals actually ruled on February 9, 2000. It reversed the case and remanded it back to the intermediate appellate court in Corpus Christi. It was that Court that ultimately affirmed the conviction on January 11, 2001. Following that affirmance, Perez filed an untimely Motion for Rehearing on January 29, 2001, which was denied on March 8, 2001. If the rehearing motion had been timely filed, Perez would have had until 30 days after March 8, 2001, to file his Petition for Discretionary Review with the Court of Criminal Appeals pursuant to Texas Rules of Appellate Procedure 68.2. Since his Motion for Rehearing in the Corpus Christi proceeding was not timely filed, the conviction became final thirty days after January 11, 2001, and he had until one year after that to file his habeas petition.

He waited to pursue a writ process (in state court) until November 13, 2002, more than a year after any conceivable deadline. It is more than one year after the January 11, 2001 affirmance, more than one year after the judgment became final, more than one year after the Motion for Rehearing was denied on March 8, 2001, and more than one year since any time period ran for any other conceivable appellate deadline. Obviously, the federal petition he filed in May 2004, while filed immediately after the denial of his state writ, is years after his federal writ deadline.

Defendant's reply to the Director's Motion for Summary Judgment and the ultimate argument framed in his objections to the Report and Recommendation strongly argues that his deadlines ought to be tolled under the doctrine of equitable tolling.

He suggests that he was confused and misled by state case law. ["The state case law Ex Parte Jarrett, 891 S.W.2d 935 (Tex. Cr. App. 1994) and Ex Parte Wilson, 956 S.W.2d 25 (Tex. Cr. App.

3

1997) misled me"].  He also argues without proof that his lawyer's wife "trashed his exhibits" and "the whole writ."  Petitioner also blames his attorney for not providing him with enough information about the status of his appeal.  However, elsewhere in his affidavit he states that "throughout my state appeal process, I was aware of the appeal deadline and was aware of the AEDPA. . .."  (Perez's Affidavit pp. 9-10 of Objections to Magistrate's Opinion).

The Fifth Circuit has clearly held that ". . . a petitioner's own ignorance or mistake does not warrant equitable tolling. . .."  United States v. Riggs, 314 F.3d 796 (5th Cir. 2003) quoting Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  Further, an attorney's mere error or neglect will not support a finding of equitable tolling.  Id.  Ineffective assistance of counsel in the direct appeal in state court does not toll the AEDPA's statute of limitations.  Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).  Further, this Circuit has held that ignorance of the law is no excuse—even for a *pro se* petitioner.  United States v. Fisher, 174 F.3d 710, 714 (5th Cir. 1999).  Perez's suggestion that his counsel misled him by his letter of July 24, 2001 (attached to Petitioner's reply as Exhibit 3) is not well-placed.  That letter does not address the status of Mr. Perez's appeal at all.  It is merely a description of the time limits governing appeals in general and an explanation of the writ process.  Additionally, one should note that even if the letter contains erroneous interpretations, that in and of itself does not excuse the failure to timely file a habeas petition.  Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002).

Further, the allegations of a first writ being destroyed by his attorney's wife are both speculative and totally unsupported by evidence and, therefore, could not possibly be the basis of equitable tolling.

Finally, Petitioner complains about the fact that his copy of the Report and Recommendation

4

did not contain the exhibits referenced in the body of the text on page 2 (Exhibits A and B). These are merely references to the pleadings from the state court proceedings, the first of which (Exhibit A) was cited merely to show the date the Motion for Rehearing was filed. The second (Exhibit B) is three pages (plus the cover sheet) from the supplemental Clerk's Record. These pages contain a chronology entitled "Case Events." This exhibit has most of the pertinent dates detailed including the date the Motion for Rehearing was overruled (March 8, 2001). Neither these exhibits nor the fact that they were omitted from Petitioner's copy of the Report and Recommendation could be the basis of a sustainable objection to the Magistrate Judge's Report and Recommendation, and that objection is overruled; however, for the sake of completeness, the exhibits in question are attached.

Therefore, it is ordered that the Magistrate Judge's Report and Recommendation [*Docket No. 5*] is hereby adopted. The Director's Motion for Summary Judgment [*Docket No. 4*] is granted, and Perez's Petition for a Writ of Habeas Corpus [*Docket No. 1*] is denied. Petitioner's objections to the Report and Recommendation [*Docket No. 9*] are also denied and this matter is dismissed with prejudice.

Signed this 22nd day of December, 2004.

Andrew S. Hanen
United States District Judge

5