IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 5 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ORLANDO JAVIER PEREZ, § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL NO. B-04-114 |
| § | |
| DOUGLAS DRETKE, § | |
| Respondent. § | |

MOTION FOR RECONSIDERATION

On December 28,2004, Petitioner Perez, hereinafter Perez, received the ORDER rendered on December 22,2004. Perez filing the foregoing Motion For Reconsideration in good faith and will evince the infra:

1.) The Honorable District Judge did not address why Perez's Motion For Discovery was not entertain by the federal Magistrate. The discovery is important to expose the letters mailed to attorney Larryu Warner from Perez. These letter would show the honorable court that Perez was certianly diligent and certinly did not sleep on his rights as stated that in Covey v Arkanses River Co.,865 F2d 660,662(5th Cir.1989). This would evince to the court that Perez did not only write Warrner twice or three times, but more than eight times requesting for information concerning the status of the case, and notifying Warner that he (perez) would be filing a motion for rehearing or Petition For Discretionary Review if counsel did not intend to. In response Warner intentionally filed the late motion for rehearing in banc. That Warner knew that it would be out of time. The instant case is not akin to Roberts v Cockrell,319 F3d 690

(p.1 of MFR,Perez)

(5th Cir.2003); Fisher v Johnson,174 F3d 710(5th Cir.1999); Moore v Cockrell,313 F3d 880(5th Cir.2002), inter alia. Perez certainly was diligent. Cousin v Kensing,310 F3d 843(5th Cir. 2002), is not akin to the instant case because Cousin relied primarily on his counsel as oppose to Perez seeking informaiton from appellate counsel in order to secure his own rights. Therefore, the court must address the motion for discovery.

2.) Another issue is that the Respondent did not raise the time bar in state court, because Perez is claiming that he is entitled to equitable tolling, the court must permit Perez the opportunity to effectively, fairly present evidence that would enable the court to determine that Perez was doing everything possible within his control to acquire information to enable him to persue his claims prose if behooved, and that Perez was diligent in seeking this onformation from the Texas courts, as well as from counsel. In fact denial of this motion for discovery would clearly be unfair. Its akin to what Perez was facing in state court concerning not being able to persue his claims throught the state appellate process for lack of knowledge concerning the status of the fact's of the case, now the Respondent's did not raise the AEDPA claim in state court because it was impossible. Akin to what Perez faced in state court concerning the appellate level status.

3.) Furhtermore, this case not only deals with appellate counsel remissfull performance, but the state law that notifying defendant's that their appellate counsel must and is obligated

(p.2 of MFR,Perez)

to tell his client that his conviction has been affirmed and he can pursue PDR on his own. See Shiloh-Bryant v Director, TDCJ-ID,104 F.Supp.2d 696,703(E.D.Tex.2000). This misleding Perez. Perez conceding that he did have knowledge of the AEDPA statutes deadline, that is not a claim concerning the actual status of the instant case at the state level. Believe that akin to the steps taken herein in the federal appeallate process level, Perez has adhere to every deadline, and is aware of every level, as he did in state court, but in state court Perez relied on the hired counsel Warner, as well as state law,i.e., Ex parte Jarrett,891 SW2d 935(Tex.Cr.App.1994); Ex parte Wilson, 956 SW2d 25(Tex.Cr.App.1997). As well as Texas Rules of Appellate Procedure Rule 48.1. In order to have knowledge of the status of the case. And the discovery would expose that Perez seeked information persistently, diligently! Therefore, it is awry to punish Perez for something that is out of his control.

4.) Perez also has claimed in the Federal and State writ that the AEDPA is unconstituional because it permits the state court(s) to simply deny claim that have merit, knowing that the federal court will never assay the claims. Akin to what the Petitioner Perez has raised, that is, the ineffective assistance of appellate counsel concerning the PDR, which if granted would place Perez back as if the case had been tolled all that time. And the state court simply denied the claim, nknowing that it would never be assayed by this court. Because according to

Moore v Cockerell, 313 F3d 880,881(5th Cir.2002), the state court decision must be upheld unless it is contrary to or involves an unreasonable application of federal law or facts. Perez, submits that that the claim raised concerning appellate counsel should have been granted according to Shiloh-Bryant, Ex parte Jarrett, Ex parte Wilson, and which would have tolled the time.

PRAYER

Perez prays that this Honorable Judge will grant the motion for discovery in order to allow Perez to expose that he is entitled to equitable tolling, and that this case is a perfect example of state law abusing the AEDPA standard. Perez, further prays that this court will address the claims in the writ.

Sincerely Submitted,

*/s/ Orlando Perez*

Orlando J. Perez
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

OR/or
CC: file, Respondent.

(p.4 of MFR, Perez)

CERTIFICATION

I, Orlando J. Perez de hereby declare under penalty of perjury that the foregoing Motion For Reconsideration is true and correct.

SIGNED ON THIS DECEMBER 30, 2004.

*Orlando Perez* (signature)

Orlando J. Perez #756730
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606


CERTIFICATE OF SERVICE

I, Orlando J. Perez, do hereby certify that a true and correct copy of the foregoing Motion For Reconsideration has been mailed to Ms. Elizabeth A. Goettert, Ass.Att.Gen., P.O. Box 12548, Austin, TX 78711-2548 on this December 30, 2004.

SIGNED ON THIS DECEMBER 30, 2004.

*Orlando Perez* (signature)

Orlando J. Perez
Petitioner prose
with offender assistance
DATE: 12-30-04


OR/or