United States District Court
Southern District of Texas
FILED

FEB 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ORLANDO JAVIER PEREZ,  Petitioner/Appellant § § | |
| Vs. § | CIVIL ACTION NO. B-04-114 |
| § | |
| DOUG DRETKE, DIRECTOR OF TDCJ-ID, § | |
| Respondent/Appellee § § | |

PETITION FOR CERTIFICATE OF APPEALABILITY (COA)

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

Petitioner Orlando J. Perez, hereinafter, Perez, filing the foregoing Petition for Certificate of Appealability in good faith, pursuant to 28 U.S.C.§ 2253(c), and will evince to the court the following:

1.) Congress mandates that a prisoner seeking postconviction relief in the district court under 28 U.S.C.§ 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, Petitioner must first seek and obtain a COA. In resolving this case we decide that when a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims. See Miller-El v Cockrell,-- US --(2003); citing Slack v McDaniel, 529 US 473,481(2000). The Supreme Court further reiterate that a prisoner seeking a COA need only demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C.§ 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reasons coudl disagree with the district court's resolution of

his constitutional claims of that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Slack v McDaniel, 529 US at 484. Petitioner is not required to prove before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debateable or awry. Slack, 529 US at 484. A COA determination is a separate proceeding, one distinct from the underlying merits. Slack, 529 US at 481. The query is the debateability of the underlying constitutional claims, not the resolution of that debate. See Miller-El.

### PEREZ'S CLAIMS FOR COA

1.) That the federal district court abused its discretion when they denied Petitioner's Motion for discovery pursuant to Rules Governing Section 2254, Rule 6; Fed.R.Civ.Proc. Rule(a) 26(b)(1) & (d).

2.) That the federal district court abused its discretion denying Petitioner's claim of equitable tolling for the AEDPA deadline. And that Petitioner has evinced the rare and exceptional circumstantial requisite.

3.) That the federal district court abused its discretion by determining that Petitioner was not diligent in pursuing the claims within the Federal habeas petition.

4.) That the federal district court did not address the claims

elicited by Petitioner within the body of the petition. Certificate of appealability's are granted on an issue by issue, thereby limiting appellate review those issues. Lackey v Johnson, 116 F3d 149,151(5th Cir.1997). Only those factual and or legal issues which amount to a substantial showing of the denial of a constitutional right can be reviewed on appeal. E.g., Hill v Johnson,114 F3d 78,80(5th Cir.1997). The instant federal district court did not address any of the claims within the habeas petition. The court dismissed the petition as barred by the AEDPA's statute of limitations set forth in 28 USC § 2244(d). Petitioner contending that the exceptional circumstances of the case justified equitable tolling. By claiming that the State of Texas law misled Petitioner from filing (two distinct ways), that is; that the State of Texas law requires that an appellate counsel has the obligation to tell his client that his conviction has been affirmed and he the client can pursue petition for discretionary review on his own and that the client has been denied his Sixth Amendment right to effective assistance of counsel if appellate counsel's action or inaction denies the defendant his opportunity to prepare or file the PDR. See Shilou-Bryant v Director,TDCJ-ID,104 F.Supp.2d 696,703(E.D.Tex.2000). Perez persistently corresponded (wrote) appellate counsel Larry Warner, in order to acquire information concerning the status of the case, as well as asking Warner whether he was going to file PDR. Warner would not reply, until Petitioner received the out of time filed motion for rehearing en banc (Jan.29,2001). As time elasped Perez would write Warner

requesting for the status of the motion for rehearing en banc, as well as writing the clerk of the appellate court. And there were no feedback. See Fed.Dist.Ct. Order dated Dec.22,2004, the exhibit B for the elicitation of the letters written to the clerk. (The letters written to counsel were requested in discovery). Alot of the letters written to the clerk and counsel were attached to Perez's first write mailed to the Texas habeas court, which would be March 15,2002, that the state habeas writ was filed in the Clements Unit mailbox. And Perez has previously complained that Warner's wife worked for the clerk office and possibly distroyed the documents in order to save her husband. (See attached exhibit A with documents). Perez still had no knowledge that the motion for rehearing en banc was adjudicated prior to the filing of the writ, because Warner wrote a letter to Perez on July 24,2001, in which the letter alleged,"If the court of appeals affirmed your conviction on direct appeal, you must take the matter to the court of appeals by PDR in order to protect...." Perez at this time layman of the law assumed that the case still was pending, any reasonable laymen would assume this! (See Larry Warner's affidavit in State habeas writ exhibit B). At this time Perez still had no knowledge that the motion had been denied, however, through researching in the Clements Unit law library Perez discovered that it had been denied.

It is essential that this court granted discovery in order to obtain the Clements Unit log sheet to assay the letters written to Warner as well as to the court, and the state writ that was

lost should be on the log during the March, which would be a perfect opportunity for this court to infer that Perez was diligent, and that the lost writ thwarted Perez's time table. As to knowing when to file. Because Perez has stated that he did have knowledge of the actual AEDPA rules, but not the facts of the case. The doctrine of equitable tolling will not apply where Perez failed to diligently pursue habeas corpus. See Alexander v Cockrell, 294 F3d 626,629(5th Cir.2002).

Had Warner simply notified Perez that he would not be filing a PDR, and that the motion had been denied Perez would have met every deadline, and the clements unit log sheet will evince that counsel nor the clerk mailed Perez a letter notifying of the dismissal of the motion in order to permit Perez to proceed further in a timely manner.

Had this court granted equitable tolling from time the motion had been denied, and the time that the state writ was lost, the deadline would be met. It is totally injustice to refuse equitable tolling without discovery, please analyze the attached documents (exhibit A). To enable this court to address Perez claims!

I pray that this will be granted.

Sinceramente,

Orlando J. Perez 756730
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606
Jan. 25, 2005

(p.5 of Dist.COA, Perez)

CERTIFICATE

I, Orlando J. Perez do hereby certify that the foregoing petition for certificate of appealability is true and correct, under the penalty of perjury doctrine. SIGNED ON THIS JAN.25,2005.

*Orlando Perez*
Orlando J. Perez 756730
Clement Unit
9601 Spur 591
Amarillo,TX 79107-0906
Jan.25,2005

CERTIFICATE OF SERVICE

I, Orlando J. Perez do declare under penalty of perjury that a true and correct copy of the petition for certificate of appealability has been mailed to Elizabeth A. Goettert,Ass.Att. Gen., P.O. Box 12548, Austin Tex.78711-2548 on this Jan.25,2005.

SIGNED ON THIS JAN.25,2005

*Orlando Perez*
Orlando J. Perez 756730
Petitioner pro se

OR/or
CC: file,OR,Respondent counsel.
enc: exhibit A with a 3 page l;etter to Aurora De la Garza, one I-16 dated April 15,2002; July 30,2002 letter to De la Garza (2 pg's); Letter to S.Whatley TDCJ-Clements Librarian dated Sept.24,2002; letter to De la Garza dated Sept.26,2002; Letter to De la Garza dated Sept.24,2002.