United State. District Court
Southern District of Texas
ENTERED

FEB 1 4 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ORLANDO JAVIER PEREZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-114 |
| | § | |
| DOUGLAS DREKTE, | § | |
| Director of TDCJ-CID, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Orlando Javier Perez (hereinafter "Perez") has filed an Application for a Certificate of Appealability (hereinafter "COA")[1] in response to the district court's dismissal of his 28 U.S.C §2254 habeas petition as time-barred pursuant to 28 U.S.C 28 U.S.C. § 2244(d).[2] For the reasons explained below, the Magistrate Judge recommends to the District Judge that Perez's Application for a COA be **DENIED**.

**I.
STANDARD FOR ISSUING CERTIFICATE OF APPEALABILITY**

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

---

[1] Docket No. 17

[2] Docket No. 10

## II.
## CLAIMS

Perez contends that the district court erred in dismissing his §2254 federal habeas claim because equitable tolling applies to his case. To issue a COA in this case, the court must apply a two-prong test. *See Davis*, 158 F.3d at 809 (relying on *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998), and *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997)). First, the court must determine whether Perez has made a credible showing that his claim should not have been dismissed as time-barred. *See Davis*, 158 F.3d at 809. If Perez satisfies this requirement, then the court must determine whether his claims regarding his underlying state court conviction raise a substantial showing of the denial of a constitutional right. *See Davis*, 158 F.3d at 809 (relying on *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998), and *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997)).

Following the Magistrate Judge's Report and Recommendation, the District Judge concluded that Perez's petition was time barred and dismissed the case in its entirety.[3] As this denial was based in part on procedural grounds, Perez must show, at least, that jurists of reason would find it debatable whether the petition stated a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

In addition, the court rejected Perez's claims on the merits, therefore Perez must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim was either debatable or wrong. *Id.* at 484. Perez has also failed to demonstrate that reasonable jurists would find the court's assessment of his claims were debatable or wrong.

---

[3] Docket No. 10

### III.
### DISCUSSION

Construed liberally, Perez appears to argue that the AEDPA's one-year statute of limitations is inapplicable in his case, and he is entitled to tolling of the limitations period under 28 U.S.C. §2244(d)(2). Perez's allegations are unsubstantiated by the record.

His contention is based on his belief that appellate attorney, Larry Warner, failed to file a petition for discretionary review (hereinafter "PDR"). As a result of this, he claims that his §2254 federal habeas petition was dismissed as time-barred. Perez has failed to produce credible evidence that attorney Warner deceived him or misrepresented to him that anything was being filed. To the contrary, Warner sent Perez a letter explaining the appellate process and the time limits involved in the process. (Petitioner's Reply, Exhibit 3). Moreover, Perez's allegation that attorney Warner's wife destroyed letters and other documents in order to "save her husband" is speculative, and unsubstantiated by the record. Regardless of this claim, equitable tolling does not extend to cases where attorney's acts or omissions caused the petition to be filed out of time. *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). Also, mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Cousin v. Lensing*, 320 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has also stated that ineffective assistance of counsel is irrelevant to the tolling decision. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

On a different note, when an attorney has intentionally deceived petitioner into believing, to his detriment, he has filed a habeas petition, when in fact he had not, the Fifth Circuit has applied equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). Such is not the case here. Perez has not furnished any proof that his attorney intentionally misled him into believing that the PDR was in the process of being filed. Moreover, there is nothing in the record indicating that Perez reasonably relied on deceptive misrepresentation. *United States v. Wynn*, 292 F.3d 226, 230-32

-3-

(5th Cir. 2002). Without such evidence, Perez fails to establish that equitable tolling is warranted in his case.

Perez further contends that he was confused and misled by state law, and this resulted in his failure to file a timely federal habeas petition. The Fifth Circuit has held that ignorance of the law, even for an incarcerated *pro se* petitioner, does not excuse prompt filing. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

None of the issues raised by Perez demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Furthermore, Perez has failed to make a substantial showing of the denial of any of his constitutional rights and that his claims should not have been dismissed as time-barred.

Accordingly, his application for COA should therefore be denied.

## III.
## RECOMMENDATION

It is therefore **RECOMMENDED** that Perez's Application for a COA be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 14th day of February, 2005.

John Wm. Black
United States Magistrate Judge

-4-