United States District Court
Southern District of Texas
FILED

MAR 0 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORLANDO JAVIER PEREZ, <br> Petitioner, | § § § | |
| Vs. | § § § § | CIVIL ACTION NO. B-04-114 |
| DOUGLAS DREKTE, <br> Director of TDCJ-ID, <br> Respondent. | | |

**OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
------------------------------------------------------------

TO THE HONORABLE DISTRICT JUDGE:

Comes Now, Orlando Javier Perez (hereinafter Perez) filing the foregoing Objection to Magistrate Judge's Report and Recommendation in good faith, and pursuant to Magistrate's Feb.14,2005, Report and Recommendation. Perez will evince to the Honorable court the following:

1.) Perez received the Report and Recommendation on Feb.18, 2005, on a Friday, therefore, the date of the ten day requisite should commence there on that day.

As mandated by Federal statute, a state prisoner seeking a writ of habeas corpus has not absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C.§ 2253. Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge. This is a jurisdictional prerequisite because the COA statute mandates that unless a circuit justice or judge issues a COA, an appeal may not be taken to the court of appeals .... § 2253(c)(1). As a 'result, until a COA has been

(pg.1 of COA-Fed.Dist.,Perez)

issued federal courts of appeals lack jurisdiction to rule on the merits of appeal from habeas petitioner. Therefore, Perez is focusing on acquiring the COA prior to presenting for the review of the underlying claims.

The COA statute establishes procedural rules and requires a threshold in quiry into whether the circuit court may entertain an appeal. See <u>Hohn v United States</u>, 524 US 236, 248(1998). Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to derserve encouragement to proceed further. See <u>Slack v McDaniel</u>, 529 US 473, 484(2000). The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. In Slack the court held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeal's should not decline the application for a COA merely becuase it believes the applicant will not demonstrate an entitlement to relief. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. When a COA is sought, the whole premise is that the prisoner has already failed in that endeavor. See <u>Barefoot v Estelle</u>, 463 US 880, 893 n.4(1983).

(pg.2 of COA-Fed.Dist., Perez)

2.) The Magistrate Judge's Report and Recommendation dated Feb.14,2005, alleges that the court rejected Perez's claim(s) on the merits. There is nil concerning Perez's claim(s) within the Federal Writ of Habeas Corpus. The only issue that has been the gist of the denial has been the AEDPA deadline. Therefore, the Magistrate Judge's allegation is totally inaccurate.

3.) Perez has persistently invoked the equitable tolling standard elicited in Davis v Johnson,158 F3d 806(5th Cir.1998). Perez has claimed that because the State of Texas has laws that Perez must adhere to, the same laws are the laws that impeded Perez's ability to meet the AEDPA deadline. Perez first would like to oppose the Federal district court assertion that Perez was ignorant of the law."No!"  Perez was not ignorant of the law. Perez simply did not have the facts in order to proceed as required. As this court has stated over and over that every individual must exhausted his state remedies. See Johnson v Scully, 967 F.Supp. 113(S.D.N.Y.1997); Gaylor v Harrieson,962 F.Supp. 1498(N.D.Ga.1997). State of Texas requires that an appellate counsel has the obligation to tell his client that his conviction has been affirmed and he the client can pursue petition for discretionary review on his own, and that the client has been denied his Sixth Amendment right to effective assistance of counsel if appellate counsel's action or inaction denies the defendant his opportunity to prepare or file the PDR. See Shilou-Bryant v Director,TDCJ-ID,104 F.Supp.2d 696,703(E.D.Tex.2000). The Federal District court has adhered to this holding, and this

(pg.3 of COA-Fed.Dist.,Perez)

court or the Fifth circuit must rectify this conflict of interest. Perez, simply waited and waited for any response from the court or appellate counsel, in order to seek relief from other remedies. This federal district court has no intentions of clearing this matter up, had this court desired to rectify this ordeal, the motion for discovery would have been granted, in order to clear this matter up. Perez did not sleep on his rights, Perez did not ignore his rights, Perez simply relied on state law. Perez has made a credible showing that his claim should not been dismissed as time barred. The Fifth circuit will find this matter debateable. This court cannot continue to allow the sordid tactics from these attorney's that have relatives that work for the judicial system.

Perez is not complaining that appellate counsel failed to file a petition for discretionary review, no that is not the gist of Perez's argument, the gist is that appellate counsel has an obligation to to tell Perez that the conviction had been denied. And the other things cited by the Shilou-Bryant case above. The issue is that Perez consistently wrote Larry Warner in order to fidn out what was the status of the case, till this day no one has provided Perez with a copy of the opinion, concerning the remaining claims within the state brief. During this time Warner apparently knew that he would not meet that deadline for this motion for rehearing, and simply filed it, but the core issue is that Perez was never apprised that the motion would or was denied. To enable Perez to persue other remedies. Perez cannot

(Pg.4 of COA-Fed.Dist.,Perez)

that the district court would claim that Perez has not furnished any proof that his attorney intentionally misled him to believe that the PDR was in the process of being filed. It is uncanny that the district court would make this claim, after denying Perez's motion for discovery, those documents that Perez is attempting to elicit within the discovery will not ever be seen unless the court will grant the motion. Counsel Warner was clearly at notice that if he was not going to file a PDR, that Perez only needed to know when the court denied the claims. To enable Perez to file the PDR. Counsel, clearly filing the late motion for rehearing, and there after not apprising Perez when it was denied. In order to permit Perez to continue. United States v Wynn,292 F3d 226(5th Cir.2002). Therefore, this court is clearly awry claiming that Perez contention is based on his belief that Warner failed to file a petition for discretionary review. That is absolutely not the case, it is Texas law that Warner is obligated to inform Perez that the case had been denied, and that Perez can file his own PDR. Another issue that this court assayed is the letter from Warner dated July 24,2001, The query is why within this letter counsel warner did not inform Perez that appeal had been denied, or that the mandate had been issued. This letter does not notify Perez of the status of the case. Any lay individual would assume that the court of appeals had not rendered any decision. According to this court assessment of the AEDPA, it would be prudent to file the Federal writ while having no knowledge that the state court of appeals or state writ have

(pg.5 of COA-Fed.Dist.,Perez)

rendered any decision concerning the state remedies.

4.) This court further indicates that ignorance of the law does not excuse prompt filing. citing Fisher v Johnson,174 F3d 710,714(5th Cir.1999). Perez ask what actually does ignorance of the law mean under the judicial system. Perez has never claimed that he did not know or had no knowledge of the law concerning state law or federal law. However, Perez simply relied on state law to adhere to its own law(s). This should not render Perez ignorant of the law. Clearly there must be some justification that would permit Perez to proceed with the underlying claims within the federal writ. Would it be keen simply to bypass all state law, without exhausting state remedies and file the federal writ. The answer is "no"!

5.) Perez has demonstrated that the Magistrate's ruling on the claims would be rendered distinct and are wrong. Perez has a constitutional right to be notified that his appeal has been affirmed, see Shilou-Bryant,supra at 703. This ruling was rendered by the Eastern District court. Therefore, the court must permit COA in order to enable the federal appeal court to rule on this issue.

6.) Perez prays that this court will permit COA on all the grounds cited in the initial Petitioner's COA petition.

Sincerely,

Orlando J.Perez 756730
Clements Unit
9601 Spur 591
Amarillo,TX 79107-9606

(pg.6 of COA-Fed.Dist.,Perez)

## CERTIFICATION

I, Orlando Perez, do hereby declare under penalty of perjury that the foregoing Objection To Magistrate Judge's Report and Recommendation is true and correct.

SIGNED ON THIS February 22, 2005.

*Orlando Perez*

Orlando J. Perez 756730
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606


## CERTIFICATE OF SERVICE

I, Orlando J. Perez, do hereby certify that a true and correct copy of the Objection To Magistrate Judge's Report and Recommendation has been mailed to Elizabeth A. Goettert, Ass. Att.Gen., P.O. Box 12548, Austin, TX 78711-2548. on this February 22, 2005.

SIGNED ON THIS FEBRUARY 22, 2005.

*Orlando Perez*

Orlando J. Perez

OR/or
CC: file, Respondent.