United States District Court
Southern District of Texas
ENTERED

AUG 1 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO ROBERTO FARFAN ALVAREZ, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION B-05-114 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

Before the Court is Petitioner's, Mario Roberto Farfan Alvarez (hereinafter "Farfan Alvarez") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2555.[1] The government has filed a response along with a Motion to Dismiss.[2] For the following reasons, the Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Farfan Alvarez's §2255 Motion and **GRANT** the Government's Motion to Dismiss.

### II. BACKGROUND[3]

On August 12, 2003, Farfan Alvarez was charged by indictment with being illegally present in the United States after having been deported following an aggravated felony conviction in violation of 8 U.S.C. §1326(a) and (b)[4]. He pleaded guilty pursuant to a written plea agreement on

---

[1] Docket No. 1

[2] Docket No. 4, 5

[3] The following facts are derived from Criminal Action No. B-03-652

[4] Criminal Docket No. 1

on September 18, 2003.[5] The plea agreement included a waiver of his right to appeal.[6] On February 9, 2004, the district court sentenced him to 63 months imprisonment, followed by a three year supervised release.[7] He subsequently filed a notice of appeal on February 10, 2004.[8] Judgment of conviction and sentence was entered on February 17, 2004.[9] On August 18, 2004, the Fifth Circuit affirmed Farfan Alvarez's judgment.[10] The instant motion is timely filed.

### III. FARFAN ALVAREZ'S §2255 MOTION

In his motion, Farfan Alvarez raises a constitutional challenge to his sentence pursuant to *Booker*.[11] Specifically, he claims that the sixteen level enhancement applied to his sentence is unconstitutional under *Booker*. He also argues that *Booker* applies retroactively in his case.[12]

### IV. DISCUSSION

#### *Booker* Claim

In *Apprendi*[13], the Supreme Court declared a New Jersey hate crime statute unconstitutional, concluding that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory statutory maximum must be submitted to a jury and proved

---

[5] Criminal Docket No. 8

[6] Criminal Docket No. 9, pg. 4, ¶ 9

[7] Criminal Docket No. 17

[8] Criminal Docket No. 19

[9] Criminal Docket No. 18

[10] Criminal Docket No. 26

[11] *US v. Booker*, 125 S. Ct. 738, 769 (2005).

[12] Pet. Hab. Petition, pg. 9, Docket No. 1

[13] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

beyond a reasonable doubt." *Apprendi*, 520 U.S. at 490 [Emphasis added]. The Court reexamined its holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), noting that it was arguable that the case was incorrectly decided. *See id.* at 489. Nonetheless, the Court maintained that the rule announced in *Almendarez-Torres* should be treated as a narrow exception to the general principle that any fact increasing the maximum penalty of a crime should be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. *See id.* at 489-490. The Court distinguished *Almendarez-Torres* and concluded that:

> The reasons supporting an exception from the general rule for the statute construed in [*Almendarez-Torres*] do not apply to the New Jersey statute. Whereas recidivism does not relate to the commission of the offense itself, New Jersey's biased purpose inquiry goes precisely to what happened in the commission of the offense. Moreover, there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Id.* at 496 (citations omitted).

The Fifth Circuit has narrowly construed *Apprendi* and notes that the Supreme Court did not overrule *Almendarez-Torres*. *See United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir.), *cert. denied*, - - - U.S. - - - , 124 S.Ct. 358 (2003); *United States v. Nava-Perez*, 242 F.3d 277, 279 (5th Cir. 2001); *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 434 (5th Cir. 2001). Congress intended the fact of a prior "felony" or "aggravated felony" to be a sentence enhancement provable to a judge at sentencing, by a preponderance of the evidence, rather than an element to be charged in the indictment and proved to a jury beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 235. The court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Mancia-Perez*, 331 F.3d at 470 (internal quotation and citation omitted).

-3-

Prior convictions are a mere sentencing factor and need not be charged in the indictment and proved beyond a reasonable doubt. *Almendarez-Torres* still controls.

In *Blakely*[14], the Supreme Court reaffirmed the rule announced in *Apprendi* stating that "[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2531 (quoting *Apprendi*, 530 U.S. at 490). *Booker* extended the *Blakely* holding to the Federal Sentencing Guidelines. The court in *Booker* stated that it applied to all cases pending on direct review. *Booker*, 125 S.Ct. at 769. The Fifth Circuit recently held that the ruling in *Booker* does not apply retroactively to cases on collateral review. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Stated differently, defendants whose judgments became final before January 12, 2005 may not claim relief pursuant to *Booker*. Faced with the same question, other circuits have held that *Booker* does not apply retroactively to cases already final on direct review.[15]

Farfan Alvarez's judgment was entered on February 17, 2004. On August 18, 2004, the Fifth Circuit affirmed Farfan Alvarez's judgment.[16] His conviction became final when the time for seeking *certiorari* in the U.S. Supreme Court expires. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). This is so, even where the appellant has not actually filed such a petition. *Id.* Thus, Farfan Alvarez had ninety days after the Fifth Circuit's decision was rendered to seek *certiorari* in the U.S. Supreme Court Therefore, ninety-days after August 18, 2004 (November 2004) is when Farfan

---

[14] *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

[15] *See Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

[16] Criminal Docket No. 26

Alvarez's conviction became final. Thus, his conviction was final before *Booker* was decided. Neither *Blakely* nor *Booker* are applicable to Farfan Alvarez's §2255 motion. Accordingly, Farfan Alvarez's *Booker* claim should be **DENIED**.

## V. RECOMMENDATION

After reviewing the record and all documents on file, the Court has determined that an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. §2255. For the foregoing reasons, it is **RECOMMENDED** that the District Judge **DENY** Petitioner's 28 U.S.C § 2255 Motion and **GRANT** the Government's Motion to Dismiss.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 12th day of August, 2005.

_____
John Wm. Black
United States Magistrate Judge