United States District Court
Southern District of Texas
FILED
APR 13 2006
Michael N. Milby, Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
APR 11 2006
CHARLES R. FULBRUGE III
CLERK

No. 05-40081
USDC No. 1:04-CV-114

ORLANDO JAVIER PEREZ,

           Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

           Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

O R D E R:

  Javier Orlando Perez, Texas prisoner number 756730, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction for aggravated assault. The district court dismissed his § 2254 application as time-barred. Perez argues that, if his application is time-barred, the limitations period should be equitably tolled because defense counsel failed to advise him that his conviction had been affirmed and failed to timely file a state writ application that would have tolled the statute of limitations. He also asserts that records held by appellate counsel, the court and the prison contain proof that he timely filed a first writ application and wrote defense counsel to

O R D E R
No. 05-40081
-2-

inquire about the status of his appeal. He further argues the merits of his claims.

When the district court's denial of federal habeas relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Perez has failed to demonstrate that reasonable jurists would find debatable the correctness of the district court's conclusions that his § 2254 application is time-barred and that he is not entitled to equitable tolling. See Slack, 529 U.S. at 484. Accordingly, his motion for a COA is DENIED.

_____
EDWARD C. PRADO
UNITED STATES CIRCUIT JUDGE

A true copy
Test:
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana